# Exhibit 2



## <u>EVICTION PROCEDURES</u>

After you have served a demand on your tenants, it will normally expire, at midnight, ten full days after the service date. For example, you post a ten-day demand on the 5th of the month, the demand will expire at midnight on the 15th. You do not count the day you serve the demand.

The following procedures apply after you send us your demand. If you are faxing the demand, please include a cover sheet with instructions, or include your instructions in your email if emailing.

1. If you want to move forward with an eviction for rent and recover possession of the property, do not accept any payments of the rent (full or partial) after your notice expires and after you have sent it to our office for processing. <span style="color:red">UNDER COLORADO LAW, YOU WAIVE YOUR RIGHT TO EVICT YOUR TENANT FOR RENT IF AT ANY TIME DURING THE EVICTION PROCESS YOU ACCEPT <u>ANY</u> PAYMENTS(S) FROM YOUR TENANT.  If at any time during the eviction process you accept payment from the tenant, please notify us as immediately so we can take appropriate action which in all likelihood means dismissing your case.  Acceptance at any time after a Demand for Rent or Possession has been served and has expired, almost always means you have to start the process over.</span>

2. You will be contacted with a court date, based on your preferred method of contact, when we start processing your demand. You should hear from us within 24 hours after the receipt of your demand (excluding weekends). If you don't hear from us, please contact us. The normal deadline filing is 10:30 a.m.

3. The Summons, Complaint, Demand, and Answer Forms are processed and filed with the appropriate County Court.

4. Our process service receives the documents and serves them according to County Court rules.  Personal Service is not required for evictions. If the tenants aren't contacted directly, the documents will be posted on the tenants' door. In addition, Court rules require that we mail a copy to the tenants. The documents must be served at least seven days prior to the court date we give
you. This court date is also called a return date, or first appearance date.

5. On this first appearance date, an attorney will appear on your behalf. You do not need to attend court on this date. Most often either:
>    1) The tenants come to court, talks to the attorney, confesses judgment, and enters into a stipulation with the attorney to settle the case. The tenant believes he is being given a few extra days to vacate the property, in actuality it usually takes longer than the few extra days to get a physical move-out date with the county Sheriff or
>    2) Most commonly the tenants do not appear and a Default Judgment for Possession is entered by the Court.

You are never required to make a deal with your tenants. The attorney does not make any deals for your tenant to stay without first getting your approval.

There are a small percentage of tenants who appear at this court date and file an Answer with the Court disputing your eviction. Normally, regardless of the validity of their Answer, the Court will assign a hearing date. The hearing is usually 7–10 days from the appearance date. You will have to attend the trial with one of our attorneys, and provide your evidence that supports the eviction. The Eviction staff will contact you and advise you on the hearing and what will be needed.



Once we have the results from the attorney's court appearance, we will contact you to let you know what happened. We do our best to get back to you the same day as the court date.
EVICTION PROCEDURES (page 2)

6. Post-Judgment Work: Once a Judgment for Possession is granted, you will need to decide if you want to proceed with the Writ of Restitution (this document gives notice to the tenants and Sheriff that a physical move-out has been authorized by the Court). There is a 48-hour stay before this Writ can be issued (except Boulder where the Writ is issued on the first appearance date). If you decide to proceed with the Writ, as soon as the Writ is issued by the Court, depending on the county, either our process server will serve the Writ and then we take it to the Sheriff the next day; or in some counties we send the Writ to the Sheriff and they serve it. We get the Writ to the Sheriff as soon possible.

Whenever a Writ goes to the Sheriff there will be a charge to you. Each county Sheriff has their own schedule of charges, most now have a mileage charge based on zip-code in addition to a base charge. We can provide you with the charge, or you can check the Sheriff's fee schedule for the county where your property is located. If you cancel the Writ within the applicable county's
Sheriff rules, you will only be charged their cancellation fee not the full charge. The Sheriff's departments determine if the full charge or cancellation charge applies. If you request that we hold on sending the Writ to the Sheriff, it will be issued and held at our office until you advise us how to proceed. All issued Writs expire 30 days from the date they are issued.

7. Once the Writ has been delivered to the Sheriff, we will contact you and let you know to expect a call from the Sheriff to schedule oversight of the physical move-out. All of the Sheriff departments require that you do not provide the date or time of the physical move-out to the tenants. This is to protect the officer who oversees the physical move-out. Your move-out can be cancelled if you provide either a date or a time to the tenants. Even if cancelled, you will still incur a Sheriff's fee. Most of the Sheriff departments will post a notice stating that a physical eviction is scheduled and that all parties should vacate the property immediately.

If you do not hear from the Sheriff within five days of our notifying you, you should contact the Sheriff directly to schedule your move-out. If you have questions, please call us.

8. On the date of the physical eviction you must be fully prepared to complete the move-out in one hour. You are required to provide all of the manpower, a locksmith (to change the locks), bags and boxes to place the belongings on the front lawn next to the nearest public right-of-way. For example, to remove belongings from a three-bedroom home you will need 10-12 people. The
Sheriff will not assist you, other than to tell you where to put the tenants' belongings. If the Sheriff arrives and you are not prepared, you will have to reschedule. The reschedule date could be weeks away, and the Sheriff will charge you for another eviction move-out. Once the tenants' property is on the lawn, it must remain there for 24 hours before you may dispose of it.

If you are not sure how much manpower is needed or other needs for the move-out, be sure to discuss this with the Deputy Sheriff when he calls to schedule the move-out.
EVICTION PROCEDURES (page 3)

9. When the eviction is complete, you have the option of trying to collect the balance of money owed to you. If the amount owed is less than $7501, you can go to small claims court and sue the tenants directly for the



amount owed. In small claims court you are responsible for the case preparation, service of the documents, and collection of any monies awarded to you by the court. An attorney cannot represent you as a Plaintiff in a small claims action, unless your former tenants (Defendants) hire an attorney to represent them. The Colorado Judicial website www.courts.state.co.us has self-help information for small claims cases.

The Firm also handles some collection cases and we would be glad to review your documents to determine the potential for the Firm to handle your collection. Please feel free to contact us to discuss this option.

If you have additional questions regarding the eviction process, please don't hesitate to contact us and talk to one of our Eviction staff – they can be reached at 303.766.8004. If you're in the Colorado Springs area - call 719.550.8004 to avoid additional phone charges.