# Exhibit 3

About Us    Practice Areas    Evictions    Education    News & Resources    Contact Us    Client Portal



Login

LEARN MORE →

# Eviction Flow Chart

Home / Evictions / Eviction Flow Chart



- Evictions
- Eviction Forms
- The Eviction Process
- Eviction FAQs
- Court Links

## Eviction Process Flow Chart Notes

### Note #1: Return Date

The initial court date is called the "return date." In non-legalese, it is the initial court date, initial show up date, or first appearance date. When an eviction lawsuit is filed, the tenant gets notified of the lawsuit when a Summons is served on the tenant. The return date is the date set forth in the Summons by which the Tenant must Answer (contest the eviction) or be subject to default. You do not appear at the return date. We appear on your behalf and we either default the tenant, settle the case, or the case gets set for trial because the tenant filed an Answer. *See #6 below.*

### Note #2: Entry of Default Judgment

About Us   Practice Areas   Evictions   Education   News & Resources   Contact Us   Client Portal



**Login**

LEARN MORE →

default judgment for possession 3 to 5 days after the return date.

### Note #3: Tenant Fails to Cure or Voluntarily Vacate (Move)

After defaulting, if a tenant fails to cure or move, the landlord will need to have the tenant physically removed from the property so that the landlord can be restored to possession of the property. Once the landlord has a judgment for possession, the first step to physically remove the tenant is to apply to the court for and obtain a writ of restitution (commonly known as a "writ"). A writ is a court order commanding a county sheriff to remove a tenant and restore the landlord. The clerk of the court issues writs. By law, the clerk cannot issue a writ until 48 hours after the court has entered a judgment for possession. Even though we submit writs to the clerk prior to the 48 hours, clerks may take several days to issue a writ.

### Note #4: Sheriff's Physical Eviction

For the sheriff to physically evict a tenant, a writ of restitution must be delivered to the sheriff. Additionally, prior to the writ being delivered to the sheriff, the writ must be served upon the tenant.  When the writ is delivered to the sheriff it must be accompanied by the applicable sheriff's fees before the sheriff will schedule a physical move with a landlord. By law, a sheriff may not execute a writ (physically remove a tenant) until at least ten days after the court has entered judgment for possession. In most cases, sheriff's take three to six weeks to execute a writ from the date the writ is delivered to the sheriff. Once we deliver a writ to the sheriff, the sheriff controls when the writ will be executed based on the sheriff's schedule.

### Note #5: Confessed Judgment

A tenant may confess judgment at any time during an eviction lawsuit.  But as a practical matter, tenant's most frequently confess judgment at or prior to the return date.  A tenant confesses judgment by signing an agreement (the agreement is called a "Stipulation") that the tenant is not contesting the case and acknowledges that the landlord is legally entitled to possession of the property.

### Note #6: Date to Move Out or Work It Out

In addition to confessing judgment for possession in a Stipulation, all Stipulations give the tenant time to move (set forth a date that the tenant will move).  For example, "tenant agrees to vacate on or before October 28th."  Stipulations also encourage the tenant to work out the problem with the landlord (meaning go and pay the landlord the money the tenant owes the landlord). However, Stipulations also make it very clear that the landlord is under no obligation to accept the tenant's proposed workout and may insist that the tenant vacate the property. With the changes in the law that became effective October 1, 2021, tenant's may be less willing to resolve eviction cases by Stipulation because the new law gives tenants the absolute right to cure (pay the landlord) at any time prior to the court entering a judgment for possession. See Note #7.

### Note #7: Tenant Appears and Contests

A tenant contests an eviction lawsuit by filing an Answer.  An Answer states the reasons why the landlord is not entitled to possession of the property. A tenant may file an Answer at any time on or prior to the Return Date. Sometimes courts even allow tenants to file Answers after the Return Date depending on the circumstances.  Many courts allow Answers even though the answers don't state a legal defense. For example, many Answers simply state that the tenant just needs more time to pay. If a tenant files an Answer (contests the case), the court sets the case for a possession trial to determine whether the tenant should be evicted (possession should be awarded back to the landlord).

### Note #8: The Tenant's Right to Statutory Cure

Prior to October 1, 2021, once a demand for rent or possession expired, the tenant had no further rights to cure and the landlord could specifically reject any offer of payment from the tenant.  For example, if a 10-Day Demand for Rent or Possession was served on October 10 and expired on October 20, the landlord could refuse any offer of payment made by the tenant on or after October 21. However, the tenant's right to pay and the landlord's right to reject an offer of payment were significantly altered by the enactment of Senate Bill 173 in 2021.  Effective October 1, 2021, a tenant may "statutorily cure" (meaning pay) the amounts owed to the landlord during an eviction at any time prior to the court entering a judgment for possession against the tenant. This means a tenant can pay prior to trial, at trial, or even at the end of an eviction trial as long as the court has not entered a "judgment for possession."  For example, if the tenant contests by Answering, the matter gets set for trial, and the trial is taking place but going poorly for the tenant, the tenant could literally tell the court that they have elected to pay and the landlord would have to accept the payment. The tenant can exercise their right to statutorily cure by paying the landlord or the court.  To statutorily cure, the tenant must pay all amounts set forth in the notice (Demand for Rent or Possession), plus any additional rent that has become due since the notice was served. Because tenants only have to pay the amount of the notice, notices must be very accurate and clear as to how much is owed at any time.

About Us   Practice Areas   Evictions   Education   News & Resources   Contact Us   Client Portal



**Login**

LEARN MORE →



DENVER • ADAMS • ARAPAHOE • BROOMFIELD • BOULDER • DOUGLAS • EL PASO • JEFFERSON • LARIMER • WELD • PUEBLO • MESA

Copyright 2022            TSCHETTER SULZER         MAIN 303.699.3484 EVICTIONS DENVER 303.766.8004      EVICTIONS COLORADO SPRINGS 719.550.8004
Disclaimer                                          3600 SO. YOSEMITE STE. 828 DENVER, CO 80237          EVICTIONS GRAND JUNCTION 970.822.7020