**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00271-WJM-NRN

SHAWNTE WARDEN, individually and on behalf
Of all others similarly situated,

        Plaintiff,

v.

TSCHETTER SULZER, P.C.

        Defendant.

___

## MOTION TO STAY
___

Defendant Tschetter Sulzer, P.C., by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, moves the Court to stay this matter until resolution of Defendant's motion to dismiss.

**Conferral**: Undersigned conferred with Plaintiff's counsel regarding this motion via phone call and email. Plaintiff's counsel indicated that Plaintiff opposes this motion.

### INTRODUCTION

Plaintiff filed a class action against Defendant alleging one claim for relief, for violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff's claim arises out of an eviction proceeding commenced by Defendant on behalf of its client, Plaintiff's landlord. Plaintiff alleges Defendant violated the FDCPA by offering a Stipulation that Plaintiff alleges was misleading as to the time-period a tenant had to move out.

Defendant filed a Motion to Dismiss on the basis that the Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and that the Complaint fails to state a claim upon which

relief can be granted under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 17). The Stipulation is not a "debt" for purposes of the FDCPA and the Complaint fails to allege facts that plausibly suggest the Stipulation is somehow "deceptive" or otherwise in violation of the FDCPA.

Because this is a class action, Plaintiff may seek discovery relating to all putative class members which discovery would be extensive and involve sensitive information of non-party putative class members. Plaintiff has failed to allege the fundamental elements of a claim under the FDCPA. This discovery is unnecessary if Defendant's Motion to Dismiss is granted.

The Court has set a scheduling conference on May 10, 2022 at 11:00 a.m. In the interests of conserving financial resources and preserving judicial efficiency, Defendant requests the Court stay discovery and other deadlines until the Court rules on Defendant's Motion to Dismiss.

**LEGAL STANDARD**

Rule 26(c) provides, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Under Rule 26(c), "[a] court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Baker v. City of Loveland*, 2016 WL 8924927, *1 (D. Colo. Mar. 28, 2016) (*citing Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).

It is within a court's discretion to stay discovery while a dispositive motion is pending. *Harbinger Capital Partners LLC v. Ergen*, 2015 WL 1133503 (D. Colo. March 10, 2015). "'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *United States ex rel. Heggem-Lundquist Paint*

[2]

*Co. v. Centerre Gov't Contracting Group, LLC*, 2014 WL 1924368, *7 (D. Colo. May 13, 2014) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

"[A] stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *Schmaltz v. Smithkline Beecham Corp*. 2008 WL 3845260, *1 (D. Colo. August 15, 2008) (staying discovery on class claims pending determination on motion to dismiss due to "significant burden of discovery attendant with a putative class action.") (*quoting Nankivilv. V. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Baker*, 2016 WL 8924927, *2 (*quoting Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001).

When determining whether to exercise discretion and enter a stay, courts weigh the following interests:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, * 2 (D. Colo. Mar. 30, 2006).

## LEGAL ARGUMENT

An analysis of the above factors shows this Court should stay the present case until it rules on Defendant's Motion to Dismiss.

First, while Plaintiff likely is interested in proceeding expeditiously with this lawsuit, Plaintiff would not be prejudiced by the requested stay. No deadlines currently exist other than Defendant's deadline to file a reply in support of its Motion to Dismiss (due May 5) and deadlines

relating to the Scheduling Conference set for May 10, 2022. Plus, a stay may actually benefit Plaintiff by avoiding expenditures of time and money that may be unnecessary if Defendant's Motion is granted.

Second, Defendant would be unduly burdened and prejudiced if it is required to engage in costly discovery. Defendant should not be required to devote substantial time and resources to extensive discovery when the Court may dismiss the case. This is particularly so given this case is a class action and Plaintiff may seek discovery relating to all putative class members. Depending on how this Court rules on the Motion to Dismiss, such discovery "may ultimately be useless and a waste of the parties' time and resources." *Thornton v. DaVita Healthcare Partners, Inc.*, 2013 WL 5567560, *2 (D. Colo. Oct. 8, 2013); *see also Schmaltz,* 2008 WL 3845260 at 1.

*Schmaltz* is particularly instructive as Magistrate Judge Michael Hegarty, in weighing the factors set forth in *String Cheese Incident, supra*, concluded, "a determination of the legal issues raised in Defendant's Motion to Dismiss should precede the significant burden of discovery attendant with a putative class action." *Schmaltz,* 2008 WL 3845260 at 1.

Third, staying discovery would allow the Court to avoid unnecessary case management expenditures when the case may ultimately be dismissed. *See Thornton*, at **9-10 ("Where a pending motion may dispose of an action . . . a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed.") A stay would prevent the Court from hearing potential discovery disputes that may ultimately prove moot.

Fourth, staying the case until Defendant's Motion to Dismiss is decided will also be in the interests of non-parties. Because this case is a class action, Plaintiff may seek discovery relating to non-party putative class members about their respective eviction proceedings. Such information

[4]

would be voluminous and include sensitive information as to those non-parties. Such discovery would be unnecessary if Defendants' Motion is granted.

Fifth and finally, staying the case best serves the public interest because it promotes a cost-conscious and efficient judicial process. *Harbinger Capital*, 2015 WL 1133503 at \*2 ("the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest."). "[N]either the court nor the parties' time is well-served by struggling over the substance of Plaintiff's claims while a dispositive motion is pending." *Rivera v. Littleton Housing Auth.*, 2014 WL 841511, \*1 (D. Colo. March 4, 2014).

Based on the above, the *String Cheese* factors weigh in favor of staying this case until the Court rules on Defendant's Motion to Dismiss.

WHEREFORE, Defendant Tschetter Sulzer, P.C. respectfully requests that the Court stay discovery and all deadlines and proceedings in this case pending a ruling on its Motion to Dismiss.

Respectfully submitted this 27th day of April, 2022.

          *s/ Tamara A Seelman*
John M. Palmeri
Tamara A. Seelman
**GORDON REES SCULLY MANSUKHANI LLP**
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
jpalmeri@grsm.com
tseelman@grsm.com

Lori Quinn
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 453-0758
ljquinn@grsm.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 27th day of April, 2022, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to counsel referenced below:

Steven L. Woodrow
WOODROW & PELUSO LLC
2900 E. Mexico Avenue, Suite 300
Denver, CO 80210
*swoodrow@woodrowpeluso.com*

Jason Legg
CADIZ LAW, LLC
501 S. Cherry Street, Suite 1100
Denver, CO  80246
*jason@cadizlawfirm.com*

*Attorneys for Plaintiff*

                                                 *s/ Linda S. Montoya*
                                                 For Gordon Rees Scully Mansukhani LLP