IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00271-WJM-NRN

SHAWNTE WARDEN, individually and on behalf of all persons similarly situated,

Plaintiff,

v.

TSCHETTER SULZER, P.C.,

Defendant.

## ORDER ON
## DEFENDANT'S MOTION TO STAY (Dkt. #27)

**N. REID NEUREITER**
**United States Magistrate Judge**

This lawsuit is a putative class action against a law firm, Tschetter Sulzer, P.C. ("Defendant" or "Tschetter"). Tschetter represents Colorado landlords in eviction cases. Suit is brought by Plaintiff Shawnte Warden seeking statutory damages for alleged serial violations by Tschetter of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Currently before the Court is Defendant's Motion to Stay (Dkt. #27), which seeks to stay discovery and further proceedings in the case pending a resolution by Judge William J. Martinez of Defendant's Motion to Dismiss for Lack of Jurisdiction. *See* Dkt. #27. The Motion to Stay was referred to me by Judge Martinez on April 28, 2022. Dkt. #28. Defendant's Motion to Dismiss for Lack of Jurisdiction was filed on March 17, 2022 and is fully briefed. *See* Dkt. #17.

**The Allegations against Tschetter Sulzer, P.C.**

Plaintiff alleges that Tschetter uses false representations or deceptive means by, among other things, misrepresenting the facts surrounding "Stipulation of Judgment" documents that it proposes to tenants who are subject to eviction. Plaintiff further alleges that Tschetter is a "Debt Collector" within the meaning of the FDCPA, and therefore the firm is prohibited from employing false, deceptive or misleading means or engaging in unfair practices when collecting a debt. 15 U.S.C. §§ 1692(e) & (f).

Per the Complaint, Tschetter advertises itself as "Colorado's Leading Landlord Advocacy Firm," that it is "#1 in Colorado Evictions," and that it has an "intimate understanding of the rental housing industry" and an "efficient approach to the eviction process . . . to process evictions quickly and effectively." Tschetter "guarantees . . . eviction cases are collection cases from day one." Dkt. #1 at ¶ 8. It is alleged that Tschetter includes the following disclaimer in the eviction-collection lawsuits filed on behalf of its landlord clients, ""This is a communication from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id.* at ¶ 11.

In terms of alleged misrepresentations, Plaintiff asserts that Tschetter uses a form stipulation document (the "Stipulation") that instills in tenants the mistaken belief that if they enter into the Stipulation, they will be able to occupy their homes or apartments longer than they would if they contested the eviction action. *Id.* at ¶ 13. Plaintiff alleges that Tschetter conceals from to-be-evicted tenants that it takes additional time for successful landlords to secure eviction dates from the county sheriff, and that the tenants would likely be able to stay in the rentals for longer than the ten

2

days provided for in the proposed Stipulation. *Id.* at ¶¶ 13–14. In an exhibit attached to the Complaint, Tschetter even explains to its landlord clients of the mistaken impression left with the tenants: "The tenant believes he is being given a few extra days to vacate the property, in actuality it usually takes longer than the few extra days to get a physical move-out date with the county Sheriff . . . ." Dkt. #1-2 at 2.

The Complaint further alleges that Defendant Tschetter misleads the tenants it is trying to evict by promising to vacate the judgment for possession and to dismiss the action if they surrender possession and return all keys by a date certain. Dkt. #1 at ¶ 17. Instead, Tschetter routinely fails to vacate judgments for tenants who move out in accordance with the Stipulation. *Id.* at ¶ 21. It is specifically alleged that Plaintiff, Ms. Warden, signed the Stipulation, vacated the home where she was a tenant in compliance with the Stipulation, but then Tschetter and its client never vacated the judgment of possession or dismissed the eviction collection action as promised. *Id.* at ¶¶ 41–46. Ms. Warden then had a subsequent rental application denied because of the tenant screening check showing the judgment for possession and writ of restitution against her remained active and of record. *Id.* at ¶¶ 46–47.

Ms. Warden brings her FDCPA claim on her own behalf and on behalf of a class of "[a]ll present and former Tenants: (1) of residential rental properties located in Colorado, (2) whose landlords or property managers engaged Tschetter to facilitate allegedly overdue rent collection through the initiation of eviction collection lawsuits, (3) where Tschetter presented a consumer tenant with its form Stipulation." *Id.* at ¶ 49.

3

**Defendant's Motion to Dismiss**

Tschetter has moved to dismiss the case for lack of jurisdiction and failure to state a claim based on one simple argument. *See* Dkt. #17 (Motion to Dismiss filed March 17, 2022). Tschetter asserts that Plaintiff has failed to allege any FDCPA violations because none of Tschetter's alleged conduct is alleged to have been made "in connection with the collection of a 'debt.'" *Id.* at 2. The Stipulation, which is the alleged source of the misrepresentations and unfair practices, does not, according to Tschetter, involve the payment of any obligation, but only involves the time-period for moving out of the rented premises and vacating a judgment for possession. *Id.* Tschetter insists that because the Stipulation complained of does not seek payment for back rent, the FDCPA does not apply. *Id.* Tschetter cites in support a decision by Judge John Kane of this District dismissing for lack of jurisdiction a FDCPA case against a landlord's attorney, *Cook v. Hamrick*, 278 F. Supp. 2d 1202 (D. Colo. 2003). In *Cook*, Judge Kane held that a demand for attorneys' fees in a landlord's eviction complaint did not constitute a communication regarding a "debt" for purposes of the FDCPA and the attorney was not a "debt collector" under that statute.

**Defendant's Motion to Stay**

Defendant Tschetter moves to stay discovery in this case pending a decision on the motion to dismiss. Tschetter argues that Plaintiff's interest in proceeding expeditiously is not great and Plaintiff will not be substantially prejudiced by the requested stay. By contrast, Defendant would be unduly burdened by having to proceed with discovery in this class action case, especially since discovery would likely relate to all putative class members. Such expensive discovery could ultimately prove useless

4

and a waste of the parties' time and resources. Tschetter cites a decision by Magistrate Judge Michael E. Hegarty, *Schmaltz v. Smithkline Beecham Corp.*, Civ. No. 08-cv-0119-WDM-WEH, 2008 WL 3845260 (D. Colo. Aug. 15, 2008), where discovery was stayed on class claims pending determination on motion to dismiss due to "significant burden of discovery attendant with a putative class action." Notably, in that case, Judge Hegarty did allow discovery on individual claims to proceed.

Tshcetter also argues that staying discovery would allow the Court to avoid unnecessary case management disputes where the case may ultimately be dismissed. The interests of third parties would be potentially adversely affected if the case proceeds to discovery, in part because discovery relating to non-party putative class members about their respective eviction proceedings could implicate privacy interests.

Finally, as to the interests of the public, Tschetter argues that the public's only interest in this case is its efficient and just resolution, and it is not in the public's interest to struggle over the substance of claims while a dispositive motion is pending.

**Standards for Staying Discovery Pending a Resolution of a Motion to Dismiss**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

5

Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.*

That said, in this District, a stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). Based on this Court's understanding of the data, on average in the District of Colorado, it takes nearly three years to get from filing of a case to trial. *See* Judicial Conference of the United States, *Judicial Caseload Profile* (reciting that in 2020, civil actions filed in the District of Colorado proceeded to trial in an average of 33.9 months). The overburdened district judges of this Court may take up to six months or longer to get to a dispositive motion. *See Wood v. Kelley*, No. 20-cv-01221-PAB-NRN, 2021 WL 795490, at *5 (D. Colo. Mar. 2, 2021) (stating that, in 2020, "the weighted civil case filings per judgeship show that the District of Colorado is the tenth busiest district in the country out of 94 judicial districts"). Staying a case for six months or more while a dispositive motion is being decided merely adds to the delay, uncertainty, and cost in the event the motion is denied. Hence, the general disposition against staying lawsuits pending a motion to dismiss.

It is true that courts have routinely recognized that launching into full blown discovery may be inappropriate while issues of immunity or jurisdiction are being

6

resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, it has been held that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see Vivid Techs., Inc. v. Am. Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this Court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

In addition, some courts have also adopted a "preliminary peek" approach in deciding whether to stay a case pending resolution of a dispositive motion. This involves considering the potential merits of the dispositive motion and assessing whether the motion to dismiss is highly likely to be granted. *See, e.g.*, *Tradebay, LLC v. eBay. Inc.*, 278 F.R.D. 597, 602–03 (D. Nev. 2011) (agreeing to the propriety of a preliminary peek at the merits of the motion to dismiss, but stating that a stay of all discovery should only be ordered if the court is "convinced" that a plaintiff will be unable to state a claim for relief); *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.,* Civ. No. S-07-0142 LKK GGH, 2007 WL 1146607 (E.D. Cal. 2007) (taking a "peek" at the motion to dismiss to assess whether the defendant has made a "clear and convincing showing," that it will

7

prevail on the merits of the dispositive motion); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be *an immediate and clear possibility* that it will be granted." (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (emphasis in original))); *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (explaining that while it is not necessary to decide the motion to dismiss to determine the motion to stay discovery, "it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive"); *see also Bacote v. Fed. Bureau of Prisons*, No. 17-cv-03111-RM-NRN, 2019 WL 5964957 (D. Colo. Nov. 13, 2019) (overruling objection to magistrate judge's order staying discovery after a "preliminary peek" at the merits, explaining that there is no controlling law that precludes such a consideration and the decision to consider the "preliminary peek" as a factor was "reasonable and not clearly erroneous"); *but see Estate of Thakuri by and through Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306 (D. Colo., Dec. 12. 2019) (declining to take a "preliminary peek" at the merits of a dispositive motion when deciding a motion to stay because to do so would "essentially require adjudication of the dispositive motion at the same time, thus negating the entire purpose of the motion to stay and inappropriately usurping the District Judge's authority to determine the merits of the Motion to Dismiss").

Taking a "preliminary peek" and superficially evaluating a pending dispositive motion could put the magistrate judge in an awkward position, especially where the district judge has not referred the underlying motion. *See Mlejnecky v. Olympus Imaging*

*Am., Inc.*, 2011 WL 489743, at *8 (E.D. Cal. Feb. 7, 2011) (recognizing the "awkward nature" of the preliminary peek review procedure and emphasizing that the magistrate judge deciding the motion to stay is *not* the judge who will hear and resolve the defendant's motion to dismiss). Nevertheless, without infringing on the District Judge's prerogative to ultimately decide the dismissal question, this Court believes it is appropriate and consistent with Rule 1, in deciding whether to stay discovery, to consider as one of the factors whether the dispositive motion is clearly and convincingly meritorious:

> The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

*Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. at 603.

**Analysis**

The Court has considered the *String Cheese* factors and taken a preliminary peek at the Motion to Dismiss and Plaintiff's response. The Court starts from the perspective that in this District a stay of discovery is disfavored, *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), and the moving defendant has the burden to show that it would be in the interests of justice to stay discovery. This principle is consistent with the "preliminary peek" cases cited above which suggest that factor militates in favor of a stay only when

9

the defendant makes a clear and convincing showing that the motion to dismiss likely will be granted.

Applying the *String Cheese* factors, I find that Plaintiff does have a strong interest in proceeding promptly with this case. This is not only an individual claim, but also a putative class action. The allegation is that hundreds, maybe thousands, of tenants were misled into signing a stipulation with the promise that the judgments against them would be vacated, when in fact they are not vacated, leaving credit records in disarray. Unduly delaying resolution of this dispute would not be fair to Plaintiff or the putative class members. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSJ-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) ("[S]taying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences.") It is also represented that various online forms used by Tschetter are being changed or modified. So, it is in Plaintiff's interest to start the discovery process so that all relevant documents are available to be collected.

As to the burden on Defendant of proceeding with discovery, the court notes that "[d]efendants are always burdened when they are sued," *Chavez*, 2007 WL 683973, at *2, and "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). *See also Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) ("Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden here."). But it is true that a class action case involves more discovery

10

than a typical one-plaintiff lawsuit. "[C]lass actions, such as the purported class claims asserted here, may be time consuming." *Paulson v. Two Rivers Water & Farming Co.*, No. 19-cv-02639-PAB-NYW, 2020 WL 1078859, at *5 (D. Colo. Mar. 6, 2020). The Court finds that in light of the class action nature of this case, this factor does weigh slightly in favor of a stay of discovery.

As to the convenience of the Court, I find this factor militates against a stay of discovery. Having cases sit in limbo, without any progress, while a dispositive motion takes months to be decided, is not in the Court's interest. The potential for discovery disputes or the need to resolve complex case management issues does not overpower the court's "strong interest in ensuring the speedy resolution of the cases before it." *Birse v. CenturyLink, Inc.*, No. 17-cv-02872-CMA-NYW, 2019 WL 161642, at *3 (D. Colo. Jan. 2, 2019); *see also Genscape, Inc. v. Live Power Intel. Co. NA, LLC*, No. 18-cv-02525-WYD-NYW, 2019 WL 78933, at *3 (D. Colo. Jan. 2, 2019) (finding that "the potential for discovery disputes does not outweigh the court's determination that it is most efficient to move forward without a stay"). Managing cases, resolving discovery disputes, and moving the cases toward trial is what magistrate judges do. "Discovery disputes are the bread and butter of a magistrate judge's involvement in many civil actions and will no doubt continue to be such," and the court "cannot find that having to afford such guidance is a valid reason to stay . . . discovery in a particular action." *Salls v. Secura Ins.*, No. 18-cv-00370-MSK-GPG, 2019 WL 1228068, at *2 (D. Colo. Mar. 16, 2019). To the contrary, having cases just sit on the docket without any progress, adding to the disheartening average months-to-trial statistics cited above, is not in the Court's interest and weighs strongly against a stay. At bottom, "cases that

11

linger on the Court's docket are more difficult to manage," *Bitco Gen. Ins. Corp. v. Genex Constr. LLC*, No. 16-cv-01084-WJM-NYW, 2016 WL 8608452, at *1 (D. Colo. Sept. 13, 2016), and "[t]he Court has an interest in managing its docket by having the cases on its docket proceed expeditiously." *WildEarth Guardians v. IRG Bayaud, LLC*, No. 14-cv-01153-MSK-KLM, 2014 WL 4748296, at *7 (D. Colo. Sept. 24, 2014).

As to the public interest, while the public may have an interest in the conservation of finite judicial resources, the public also has a "strong interest . . . regarding the prompt and efficient handling of all litigation." *Wells v. Dish Network, LLC*, Civ. No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *2 (D. Colo. April 25, 2017). "[C]onsiderations of fairness and timeliness will not be advanced by the imposition of a stay." *Choice Genetics USA, LLC v. Peetz Co-Operative Co.*, No. 16-cv-00154-WJM-KLM, 2016 WL 9344066, at *2 (D. Colo. Nov. 7, 2016). In addition, the fact that the allegedly wrongful conduct is being perpetrated against not just a single individual, but hundreds, or potentially thousands, of tenants by a law firm that claims to be the "#1 Eviction Firm in Colorado" suggests that this is not just a private matter, but one that has public implications. If the conduct as alleged violates the law, then a public determination of that fact is in the public interest. If the conduct alleged does not violate the law, then it is in the law firm's and the public's interest to know that Tschetter is complying with its statutory obligations. In sum, the Court is not persuaded that the public interest favors a stay of discovery and concludes that this factor is neutral.

And finally, in the issue of the preliminary peek, the Court has reviewed Tschetter's motion to dismiss and Plaintiff's response. The motion is coherent and makes non-frivolous arguments that Tschetter law firm is not a debt collector within the

meaning of the FDCPA statute and that the supposedly misleading Stipulation it sends to tenants does not relate to a debt and therefore is not covered by the FDCPA. Tschetter may well succeed in this argument before Judge Martinez.

On the other hand, Plaintiff, in her Response to the Motion to Dismiss (Dkt. #25), explains that because the eviction action also involved a claim for money damages for unpaid rent, the disputed Stipulation cannot be deemed to apply only to the question of possession. In Plaintiff's view, the Stipulation related to the overall eviction action, which also sought to recover unpaid rent—a debt. Plaintiff also distinguishes the *Cook v. Hamrick* case, which involved an eviction due to noise complaints, not due to a failure to pay past due rent. Per Plaintiff, the money Tschetter sought in the eviction complaint was a debt under the plain language of the FDCPA statute. Plaintiff also cites cases confirming that when an eviction action seeks both possession and money damages, such an eviction qualifies as debt collection activity for purposes of the FDCPA. *See O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 33 (D. Mass. 2014) ("A synthesis of the existing cases that address the question suggests that an eviction action can implicate the FDCPA, particularly where the eviction action includes some demand for payment tied to the property at issue."); *Lipscomb v. Raddatz Law Firm, P. L.L.C.*, 109 F. Supp. 3d 251, 260 (D.D.C. 2015) (disagreeing with *Cook* and explaining that "the Court sees no basis for excluding Defendants' conduct from coverage because it involved attempts to regain possession of the rental properties. Whatever else they may have been seeking, they were clearly attempting to collect money that Plaintiffs allegedly owed.").

Overall, the Court's preliminary peek at the dismissal briefing has revealed that both sides have coherent arguments. Without infringing on Judge Martinez's territory, the Court cannot conclude that Tschetter has made the requisite showing that the motion is clearly and convincingly meritorious. This additional factor thus weighs against a stay.

**Conclusion**

After considering all the *String Cheese* factors and taking a preliminary peek at the motion to dismiss, the Court concludes it is in the interest of justice to deny Defendant's Motion to Stay (Dkt. #27). The Court will issue a Scheduling Order in due course, based on the proposed order the Parties previously submitted. The Parties' Rule 26(a)(1) disclosures will be due in seven days.

Dated this 11th day of May, 2022.

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge