IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.          1:22-cv-00271-WJM-NRN

**SHAWNTE WARDEN**, individually and on behalf of all others similarly situated,

      Plaintiff(s),

v.

**TSCHETTER SULZER, P.C.**, a Colorado professional corporation,

      Defendant(s).

---

**SCHEDULING ORDER**

---

**1.  DATE OF
CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE
PARTIES**

The Parties, through counsel, met and conferred via telephone on May 2, 2022, and discussed all of the items herein. The attendees were:

For Plaintiff, Shawnte Warden, and the alleged class: Jason Legg, Cadiz Law, LLC, 501 South Cherry Street, Suite 1100, Denver, CO 80246, 720-330-2800, jason@cadizlawfirm.com

For Defendant, Tschetter Sulzer, P.C.: John M. Palmeri, Gordon Rees Scully Mansukhani LLP-Denver, 555 17th Street, Suite 3400, Denver, CO 80202, 303 534-5145, jpalmeri@grsm.com; and Tamara Ann Seelman, Gordon & Rees LLP-Denver, 555 17th Street, Suite 3400, Denver, CO 80202, 303-534-5160, tseelman@grsm.com

## 2. STATEMENT OF
## JURISDICTION

<u>Plaintiff's Position</u>:  The Court has subject matter jurisdiction in this case under 28 U.S.C. § 1331 et seq. because Plaintiff's claim seeks relief in accordance with the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. The Court has personal jurisdiction over the Defendant, which is headquartered in this District and has been served in the case. Defendant's Rule 12(b)(1) Motion to Dismiss argues that the Court lacks subject matter jurisdiction on the grounds that the claim supposedly doesn't involve a false communication made in connection with the collection of any debt. As set forth in Plaintiff's Response, that misunderstands and misconstrues the FDCPA.

<u>Defendant's Position</u>:  The Court lack subject matter jurisdiction pursuant to Rule 12(b)(1) Fed. R. Civ. P. because Plaintiff fails to allege the existence of a "debt" under the FDCPA. Where no "debt" exists under the FDCPA, and the only federal claim asserted is violation of the FDCPA, there is no federal question and the action should be dismissed for lack of subject matter jurisdiction. *Cook v. Hamrick*, 278 F.Supp.2d 1202, 1204 (D. Colo. 2003). Defendant filed a motion to dismiss which is pending.

## 3.  STATEMENT OF CLAIMS AND
## DEFENSES

a.  <u>Plaintiffs</u>:

This is an alleged class action challenging Defendant's form "Stipulations", which it presents to tenants that it has sued for eviction for the delinquent payment of rent, as violating the FDCPA. Defendant is considered one of Colorado's premiere eviction law firms, files thousands of forcible entry and detainer actions every year and describes its business model as one that "guarantees… eviction cases are collection cases from day one." Defendant routinely violates the FDCPA, however, by tricking tenants into signing its misleading, unfair, and abusive form Stipulation.

The Defendant's form Stipulation is misleading, unfair, and abusive in two ways. First, as it touts in its own publications to its clientele, it deceives tenants about the additional amount of time they can remain in their home if they sign the Stipulation. Second, it gives them the impression that the Defendant will dismiss the lawsuit it filed against them seeking judgment for possession and money damages and that it will vacate the judgment for possession it asks them to stipulate to if they leave their home within the agreed upon timeline. Defendant raises defenses which implicate genuine issues of material fact for trial.

b.  <u>Defendant</u>:

Plaintiff filed a class action against Defendant alleging one claim for relief, for violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 ("FDCPA").

Plaintiff's claim arises out of an eviction proceeding commenced by Defendant on behalf of its client, Plaintiff's landlord. Plaintiff alleges Defendant violated the FDCPA by offering a Stipulation that Plaintiff alleges was misleading as to the time-period a tenant had to move out. The Stipulation at issue does not involve an *obligation to pay money* but rather involves the *time-period* in which a tenant has to move out. It provides that judgment for possession shall enter against Plaintiff, but no move out by the Sheriff will occur for ten days, and that if Plaintiff surrenders possession before the expiration of the ten days, the landlord will vacate the judgment for possession and dismiss the case without prejudice. It further provides the landlord shall only be required to perform after Plaintiff provides written request to Plaintiff's attorneys. The Stipulation does not seek unpaid rent and expressly states money issues are <u>not</u> being resolved.  The Stipulation is not deceptive or misleading. Under Colorado law at the time of Plaintiff's eviction, the Sheriff could remove Plaintiff *at any time 48 hours after judgment for possession entered*. The Stipulation guarantees the Sheriff would not remove Plaintiff for at least *ten days* after judgment for possession entered. It further provides the judgment would be vacated upon Plaintiff notifying landlord's attorneys she had moved out within the ten days. Had Plaintiff not signed the Stipulation, the judgment for possession would not be vacated.  Defendant denies it engaged in any conduct in violation of the FDCPA. Defendant's alleged actions do not qualify as collection of a "debt" under the FDCPA.  Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5) which is pending.

b.  Other Parties:

None.

## 4.  UNDISPUTED
## FACTS

The following facts are undisputed:

1.      Plaintiff leased an apartment in Denver, Colorado.

2.      On January 22, 2021, Defendant, on behalf of Plaintiff's landlord, filed a forcible entry and detainer complaint against Plaintiff in Denver County Court Case No. 2021C51012 ("FED Action").

3.      The return date in the FED Action against Plaintiff was set for February 1, 2021.

4.      On January 29, 2021, a Return of Service was filed in the FED Action stating the process server was unable to make personal service on Plaintiff and that Plaintiff was served by posting on a conspicuous place upon the premises on January 25, 2021 at 11:33 a.m.

5.      Included in a mailing to Plaintiff was a notice advising Plaintiff that if she was interested in settling to visit the website https://pegasus.thslawfirm.com/evictions/start/ and to "[p]lease read the documents carefully."

6.      Upon visiting the Pegasus website, Plaintiff had to verify her identity by entering her name as listed in the Complaint, her phone number, and a unique barcode listed in the notice.

7.      Plaintiff was presented a Stipulation through the website.

8.      Plaintiff signed the Stipulation on January 31, 2021.

9.      Plaintiff's Stipulation was filed with the Denver County Court on February 3, 2021.

10.     On February 10, 2022, a Motion To Vacate Judgment, Dismiss Without Prejudice, And Suppress This Case ("Motion to Vacate") was filed in the FED Action.

11.     On February 13, 2022, the Court granted the Motion to Vacate.

### 5.  COMPUTATION OF DAMAGES

<u>Plaintiff</u>: Plaintiff seeks certification of a class, statutory damages in the amount of $1,000 for the named plaintiff and such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the Defendant, and the costs of the action together with a reasonable attorney's fee as determined by the Court.

<u>Defendant</u>: Defendant does not seek damages at this time.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting.

May 2, 2022.

b.  Names of each participant and party he/she represented.

For Plaintiff, Shawnte Warden, and the alleged class: Jason Legg, Cadiz Law, LLC, 501

South Cherry Street, Suite 1100, Denver, CO 80246, 720-330-2800,

jason@cadizlawfirm.com

For Defendant, Tschetter Sulzer, P.C.: John M. Palmeri, Gordon Rees Scully

Mansukhani LLP-Denver, 555 17th Street, Suite 3400, Denver, CO 80202, 303 534-

5145, jpalmeri@grsm.com; and Tamara Ann Seelman, Gordon & Rees LLP-Denver,

555 17th Street, Suite 3400, Denver, CO 80202, 303-534-5160, tseelman@grsm.com

      c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Rule 26(a)(1) disclosures will be made on or before May 16, 2022.

      d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

Plaintiff: None. Plaintiff opposes any stay.

Defendant: None, subject to Defendant's pending motion to stay.

      e.  Statement concerning any agreements to conduct informal discovery:

Plaintiff: The Parties can work together to stipulate to facts or the authenticity of

documents as appropriate, and to exchange documents outside of formal discovery.

The parties can also agree on a protective order for confidential information and will

work to resolve any disputes.

Defendant: Defendant does not agree to conduct informal discovery at this time.

Defendant agrees that a protective order is necessary to protect private eviction

information of putative class members.

      f.  Statement concerning any other agreements or procedures to reduce discovery

and other litigation costs, including the use of a unified exhibit numbering system.

<u>Plaintiff</u>: The Parties can work together to stipulate to facts or the authenticity of documents as appropriate, and to exchange documents outside of formal discovery. The parties can also agree on a protective order for confidential information and will work to resolve any disputes. The Parties can also agree to the use of a joint repository for documents as appropriate.

<u>Defendant</u>:  Defendant agrees to the use of a unified exhibit numbering system. Defendant agrees that a protective order is necessary to protect private eviction information of putative class members. Defendant does not agree to the use of a joint repository for documents. Defendant does not agree to conduct informal discovery at this time.

g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff: At this time the need for ESI should not be, relatively speaking, overly burdensome. There may be data needed regarding the number of forcible entry and detainer actions initiated by the Defendant based on nonpayment, the number of tenants named as defendants in such actions, the number of tenants presented with the Defendant's form stipulation in such actions, the number of tenants who entered into the stipulation, and the number of tenants who entered into a stipulation that had the action dismissed and any judgment for possession vacated. This may be queried from Defendant's software and databases. The Parties can work to minimize the burden of any necessary ESI, can share such information through secure, cloud-based services, and the parties can also agree on a protective order for confidential information.

Defendant: Because Plaintiff's Complaint relates only to a stipulation presented by Defendant and because the statute of limitations for a FDCPA claim is one year, Defendant do not believe Plaintiff's claim will involve extensive electronically stored information. Further, many documents may be publicly available in the court's records.

h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff: Plaintiff believes in private mediation, particularly for consumer class actions such as the instant matter. Plaintiff seeks to engage in both informal and formal discovery to obtain the information needed prior to formulating a reasonable demand.

9

<u>Defendant</u>: The parties believe it is too early to discuss settlement. Defendant has a motion to stay and a motion to dismiss pending. Plaintiff would like to engage in some discovery before making a settlement demand. Defendant has no objection to a private mediation or a settlement conference.

## 7.
## CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY
## LIMITATIONS

a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The Parties agree to the presumptive number of depositions and interrogatories contained in the Federal Rules. If additional requests are needed the Parties can request leave from the Court. <u>The Parties shall be entitled to 10 fact depositions per side.</u>

b.   Limitations which any party proposes on the length of depositions.

~~The parties agree to a seven-hour limit to the length of depositions.~~ <u>For three of the fact depositions, the Parties are entitled to the full seven hours of deposition time.  For all other depositions, each side shall be limited to no more than four hours.  The Parties should specify in their deposition notice or subpoena if it is to be a seven hour or four hour deposition.</u>  If additional time is needed, the Parties can request leave from the Court <u>for good cause shown</u>.

10

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

The Parties believe that the presumptive limits to the number of requests for production and/or requests for admission should suffice, save that the Parties request an additional twenty-five (25) requests for admission as to the authenticity of documents. The Parties shall be entitled to 25 requests for admission and 25 requests for production.

d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Discovery should proceed with respect to both class and merits issues for a period of eleven (11) months. The first nine (9) months would focus on fact discovery, and the final two (2) months will be devoted to any expert discovery. The deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions should precede the end of the pertinent discovery periods by forty-five (45) days. Following this discovery period, the Parties would brief the issue of class certification. The Court would then hold a subsequent case management conference following a ruling from the Court regarding certification to determine whether any additional merits-based discovery remains necessary and to set a date for dispositive motions, a pre-trial conference, and trial.

e.      Other Planning or Discovery Orders

Discovery will proceed with respect to both class and merits issues for a period of eleven (11) months. The first nine (9) months will focus on fact discovery, and the final two (2) months will be devoted to any expert discovery. Following this discovery period,

the Parties will brief the issue of class certification. The Court will then issue its ruling. After a decision on class certification, the Court will hold a subsequent case management conference to set deadlines for completing any remaining discovery, for filing dispositive motions, and for any pre-trial conference and trial.

### 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

The deadline for amendment of pleadings is July 18, 2022. The Court recognizes that this is a class action and later amendments may be required in the interests of justice to allow for amendments of the class definition.

Plaintiff: Plaintiff believes that the deadline for amending the pleadings should coincide with the Court's decision on class certification so as to allow for amendments to the class definition as may be necessary. *See e.g. Lavigne v. First Cmty. Bancshares, Inc.*, No. 1:15-CV-00934-WJ/LF, 2018 WL 2694457, at *9 (D.N.M. June 5, 2018) ("The Court may sua sponte modify a class definition."); *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) ("district courts have broad discretion to modify class definitions…."); *see also Schorsch v. Hewlett-Packard Co*., 417 F.3d 748, 750 (7th Cir. 2005) (noting that "[l]itigants and judges regularly modify class definitions"); *In re Monumental Life Ins. Co*., 365 F.3d 408, 414 (5th Cir. 2004) ("District courts are permitted to limit or modify class definitions to provide the necessary precision."). Plaintiff agrees with a deadline of forty-five (45) days after the scheduling conference to otherwise amend the pleadings.

12

~~Defendant: Defendant proposes a deadline of forty-five (45) days after the scheduling conference.~~

        b.     Discovery Cut-off:

The discovery cutoff will be May 1, 2023.  This is the cutoff for both fact and expert discovery.  ~~Discovery will proceed with respect to both class and merits issues for a period of eleven (11) months. The first nine (9) months will focus on fact discovery, and the final two (2) months will be devoted to any expert discovery.~~ Following this discovery period, the Parties will brief the issue of class certification. The Court will then issue its ruling. After a decision on class certification, the Court will hold a subsequent case management conference to set deadlines for completing any remaining discovery, for filing dispositive motions, and for any pre-trial conference and trial.

        c.     Dispositive Motion Deadline:

After the Court rules on class certification, the Court should hold a subsequent case management conference to set deadlines for completing any remaining discovery, for filing dispositive motions, and for any pre-trial conference and trial.

        d.     Expert Witness Disclosure

             1.     The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: Plaintiff anticipates possibly needing experts concerning: (a) the net worth of the Defendant, (b) the confusing nature of the Stipulation, (c) Defendant's status as a debt collector and attempts to collect debts, and (d) any necessary rebuttal experts.

13

<u>Defendant</u>: Defendant anticipates possibly designating experts in the area of forcible entry and detainer procedures, damages, and potential rebuttal experts.

> 2. Limitations which the parties propose on the use or number of expert witnesses.

<span style="color:red;text-decoration:underline">The Parties will be limited to three affirmative experts per side, plus any rebuttal experts.</span> <span style="color:red"><s>Plaintiff: Plaintiff proposes the number of expert witnesses be limited to 3 experts per party plus a proportionate number of rebuttal experts.</s></span>

<span style="color:red"><s>Defendant: Defendant proposed the number of expert witnesses be limited to three experts per party inclusive of rebuttal experts.</s></span>

> 3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 14, 2022.

> 4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 12, 2022.

> e. Identification of Persons to Be Deposed:

<u>Plaintiff</u>: Plaintiff anticipates needing to depose Defendant's Rule 30(b)(6) designee(s), other employees/lawyers with knowledge of the Stipulation language and related practices, and potentially any experts retained by the Defendant.

<u>Defendant</u>: Defendant anticipates deposing the Plaintiff class representative, and any subsequently added class representatives, any members of the class, and Plaintiff's

expert witnesses.

## 10.  DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

> The Court will hold a telephonic status conference in this case on October 12, 2022 at 11 am.  The Parties should be prepared to discuss the status of discovery and any scheduling issues or concerns._____.

b.  ~~A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~  A final pretrial conference will be set in this case at a later date.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

~~The Parties were unable to reach an agreement concerning the Defendant's pending~~

~~Motion to Stay Discovery before the Court, which Plaintiff opposes.~~

b.  Anticipated length of trial and whether trial is to the court or jury.

Plaintiff has requested a jury trial. The Parties agree in anticipating an eight-day trial in

the event a class is certified and a three-day trial if a class is not certified.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

15

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may only be subsequently altered or amended upon a

showing of good cause.

DATED at Denver, Colorado, this 163rdth day of May, 2022.

BY THE COURT:

_N. Reid Neureiter_____
United States Magistrate Judge

APPROVED:

_s/ Jason Legg_____
Jason Legg
CADIZ LAW, LLC
501 S. Cherry St., Ste. 1100
Denver, CO 80246
720-330-2800
Attorney for Plaintiff

_s/ Tamara A Seelman_____
Tamara A. Seelman
Gordon Rees Scully Mansukhani LLP
555 Seventeen Street, Suite 3400
Denver, Colorado 80202
303-534-5160
Attorney for Defendant

16