**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00271-WJM-NRN

SHAWNTE WARDEN, individually and on behalf of all others similarly situated,

       Plaintiff,

v.

TSCHETTER SULZER, P.C.

       Defendant.

---

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

---

Defendant Tschetter Sulzer, P.C., by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, submits the following Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and per this Courts Order dated June 2, 2022 (Dkt. #39).

**Conferral:** Defendant's counsel conferred with Plaintiff's counsel regarding this motion and whether the deficiencies described in this motion can be corrected by amendment. On June 15, 2022, undersigned counsel emailed Plaintiff's counsel advising that Defendant intended to file this motion raising the same arguments raised in its previously filed motion to dismiss. Plaintiff's counsel responded that Plaintiff opposes the motion.

## I.    INTRODUCTION

Plaintiff filed this class action against the Defendant law firm alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff's claim arises out of an eviction proceeding by Defendant on behalf of its client, Plaintiff's landlord. Plaintiff alleges that, in the eviction, Defendant signed a Stipulation in which she agreed that judgment for

possession would enter against her and that she would move out of her apartment by a date certain (within 10-days of the scheduled court date or before February 11, 2021).  The Stipulation further provided if Plaintiff moved out by the agreed upon date, the landlord would vacate the judgment for possession and dismiss the eviction case.

Plaintiff alleges the Stipulation violates the FDCPA because it "(1) mislead[s] tenants into thinking they obtained additional time to occupy their rental units by signing the Stipulation when in fact they did not and (2) falsely represented that by signing the form Stipulation the tenant would have the judgment vacated and the case dismissed." (Dkt. #40 ¶ 70).

The Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. The Complaint fails to allege any FDCPA violations in connection with the collection of a "debt". The Stipulation at issue does not involve *payment of any obligation*, but rather only involves the *time-period* for Plaintiff to move out of her apartment and vacating a judgment for *possession*. The Stipulation does not seek payment for back rent. The FDCPA therefore does not apply.

Plaintiff's Complaint also fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In addition to not alleging the existence of a "debt" under the FDCPA with respect to the Stipulation, Plaintiff's Complaint also fails to allege any facts about the Stipulation to support her allegations that the Stipulation *itself* is somehow "deceptive" or otherwise in violation of the FDCPA.

For these reasons, the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## II.     THE EVICTION PROCESS AT THE TIME OF PLAINTIFF'S EVICTION

The eviction process in Colorado is governed by C.R.S. § 13-40-101 *et seq*. If a tenant fails to pay rent, a landlord must give the tenant a Ten-Day Demand for Compliance or Possession. C.R.S. § 13-40-104(d) and C.R.S. § 13-40-106. If the tenant still fails to pay, a landlord can file an eviction lawsuit, called a forcible entry and detainer (FED) action. C.R.S. § 13-40-110. The FED action can seek possession of the property and a monetary judgment for unpaid rent. *Id*. To seek a monetary judgment, the complaint and summons must be *personally served* on the tenant. C.R.S. § 13-40-115(2).

If personal service is not obtained, service by posting and mailing will suffice to obtain possession of the premises, *but not money damages*. C.R.S. § 13-40-112(2) and C.R.S. § 13-40-115(1). A return date is listed in the summons. C.R.S. § 13-40-111(1). On or before the return date, the tenant must file an answer or enter into a Stipulation with the landlord. C.R.S. § 13-40-111(1) and C.R.S. § 13-40-113(1). If the tenant does nothing, a judgment for possession enters by default. C.R.S. § 13-40-111(1). If the tenant files an answer and the answer disputes the landlord is entitled to possession, a trial is held. C.R.S. § 13-40-113(1). Specifically, "the defendant's answer must set forth the grounds on which the defendant bases the defendant's claim for possession, admitting or denying all of the material allegations of the complaint, and presenting every defense which then exists and upon which the defendant intends to rely...." C.R.S. § 13-40-113(1). A trial is held no more than ten days after the answer is filed. C.R.S. § 13-40-113(4)(a).

Forty-eight hours after entry of a judgment for possession, the landlord can obtain from the Court a writ of restitution and deliver it to the county sheriff. C.R.S. § 13-40-115(1) and C.R.S. § 13-40-122(1). The sheriff schedules the eviction and conducts the eviction based upon the sheriff's

own procedures.[1] (*See* City and Cty. of Denver Dep't of Safety, *Information Guide Concerning Writs of Restitution*, https://www.denvergov.org/files/assets/public/sheriff-department/documents/sheriff_evictioninformationsheet.pdf. Ex. A.[2]) The writ of restitution expires forty-nine days after issuance. C.R.S. § 13-40-115(3).

In short, at the time of Plaintiff's eviction action, the Sheriff could schedule the eviction at any time *48 hours after judgment for possession entered.*

## III.    FACTUAL BACKGROUND

Plaintiff leased an apartment in Denver, Colorado. (Dkt. #40 ¶ 33). On January 22, 2021, Defendant filed an eviction lawsuit against Plaintiff seeking both possession of the apartment and money damages for unpaid rent. (Dkt. #40 ¶ 35); Eviction Compl., Ex. B)[3]. The return date with the Denver County Court was scheduled for February 1, 2021. (Eviction Summons, Ex. C)[4]. Defendant mailed the Eviction Complaint and Summons to Plaintiff on January 22, 2021. (Eviction

---

[1] In June 2021 (after Plaintiff's return date of February 1, 2021) C.R.S. § 13-40-122(1) was amended to state "the officer shall not execute a writ of restitution concerning a residential tenancy until at least ten days after entry of the judgment." C.R.S. § 13-40-122(1) (eff. June 25, 2021).

[2] "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1245 n. 24 (10th Cir. 2006) (affirming dismissal and citing to records of the Alabama secretary of state and Oklahoma county clerk.) The Court can take judicial notice of factual information found on the internet. *O'Toole v. Northrop Grumman Corp*. 499 F.3d 1218, 1225 (10th Cir. 2007) (taking judicial notice of earnings history of defendant's website and finding that "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web").

[3] The Court can consider documents referenced in the pleadings without converting the motion to dismiss into a motion for summary judgment. If a plaintiff does not attach a document to the complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, "a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *See O'Hayre v. Board of Educ. Jefferson School Dist.*, 109 F. Supp. 2d 1284, 1288 (D. Colo. 2000) (*citing GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)). The Eviction Complaint is referenced in Plaintiff's Amended Complaint. (Dkt. #40 ¶ 35). Further, Dkt. #40-7 is a printout of the docket in Plaintiff's eviction action and thus every document referenced in the docket is referenced in the Amended Complaint. The documents in Plaintiff's eviction action are also public record and on the internet, specifically the website for the Denver County Court E-Filing System referenced in  Dkt. #40-7. *See* fn. 2.

[4] *See* fns. 2 and 3. Plaintiff's Amended Complaint alleges the "pleadings" were mailed to Plaintiff. (Dkt. #40 ¶ 37). The Certificate of Service on the Eviction Complaint states the Summons was mailed to Plaintiff. (Eviction Compl. Ex. B p. 2). The Summons is referenced in Dkt. #40-7, and is publically available on the internet, specifically the website for the Denver County Court E-Filing System as referenced in Dkt. #40-7.

Compl., Cert. of Service, Ex. B).

On January 25, 2021 at 11:33 a.m., the Complaint and Summons were served on Plaintiff by posting to Plaintiff's door. (Return of Service, Ex. D)[5]. The process server was unable to serve Plaintiff personally. (Return of Service, Ex. D).

Included in the mailing was a notice advising Plaintiff that if she was interested in settling to visit the website https://pegasus.thslawfirm.com/evictions/start/ and to "[p]lease read the documents carefully." (Dkt. #40 ¶ 41; Dkt. #40-6). Upon visiting the Pegasus website, Plaintiff had to verify her identity by entering her name as listed in the Eviction Complaint, her phone number, and a unique barcode listed in the notice. (Dkt. #40 ¶ 41; Dkt. #40-6). Plaintiff was then presented an advisement ("Advisement") to review. (Dkt. #40 ¶ 45; Dkt. #40-4).

Plaintiff had to click on "ACCEPT" on the Advisement acknowledging she had read and understood the Advisement before a proposed stipulation was presented to her:

> By clicking "ACCEPT", you are acknowledging that you have read this advisement and understand what is stated. You further agree and understand that we will keep an electronic record of this fact (the fact you agreed that you read it and understood what is stated). Once you click ACCEPT, you will be presented with Options for getting a Stipulation completed.

(Dkt. #40-4 p. 2).

The Advisement describes the terms of a proposed stipulation offered by Plaintiff's landlord and notified Plaintiff the to-be-offered stipulation resolves only the issue of possession:

> The Stipulation resolves the possession issue. The Stipulation does not resolve money or damage issues between you and your landlord. Thus, the Stipulation does not waive your right to your security deposit, or the landlord's right to money damages for any alleged breached of your lease.

---

[5] *See* fns. 2 and 3. The Return of Service is referenced in Dkt. #40-7, and is publically available on the internet on the website for the Denver County Court E-Filing System.

(Dkt. #40-4 p. 1 ¶ 5). Upon clicking "ACCEPT", Plaintiff was presented a Stipulation through the website. (Dkt. #40 ¶ 44). Plaintiff signed the Stipulation on January 31, 2021. (Dkt. #40 ¶ 46).

The Stipulation provides in pertinent part that judgment for possession shall enter against Plaintiff, but no move out by the Sheriff will occur before February 11, 2021 (ten days later), and if Plaintiff surrenders possession before February 11, the landlord will vacate the judgment for possession and dismiss the case without prejudice. (Dkt. #40-5)[6]. Defendant filed Plaintiff's Stipulation with the Denver County Court on February 3, 2021. (Dkt. #40-7).

On February 10, 2022, Defendant filed a motion to vacate the judgment for possession and dismiss the action without prejudice. (*See* Mtn. to Dismiss, Ex. E).

Plaintiff alleges the Stipulation improperly misleads tenants into thinking by agreeing to the Stipulation, they gain additional time to occupy their rental units when in reality they do not because it would take a sheriff a longer time to evict them had they not agreed to the Stipulation. (Dkt. #40 ¶¶ 13, 14, 16, 70). Plaintiff further alleges Defendant falsely represented that by signing the Stipulation the judgment for possession would be vacated. (Dkt. #40 ¶¶ 17, 70).

## IV.   LEGAL STANDARD

Rule 12(b)(1) Fed. R. Civ. P. provides for challenges to a court's subject matter jurisdiction. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). The court's task in resolving a Rule 12(b)(1) motion is only whether the court lacks authority to adjudicate the matter. *Glapion v. Castro*, 79 F.Supp.3d 1207, 1212 (D. Colo. 2015) (citing *Castaneda v. INS*, 23

---

[6] Exhibit 5 to Plaintiff's Amended Complaint (Dkt. #40-5) appears as a blank documents to Defendant. To the extent the Court's version is also blank, the Stipulation was filed as Exhibit 4 to Plaintiff's original Complaint (Dkt. #1-4).

F.3d 1576, 1580 (10th Cir. 1994)). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Where no "debt" exists under the FDCPA, and the only federal claim asserted is violation of the FDCPA, there is no federal question and the action should be dismissed for lack of subject matter jurisdiction. *Cook v. Hamrick*, 278 F.Supp.2d 1202, 1204 (D. Colo. 2003) (Kane, J.) (dismissing for lack of subject matter jurisdiction finding demand for attorneys' fees in landlord's eviction complaint did not constitute a communication regarding a "debt" under the FDCPA).

Dismissal is appropriate under Rule 12(b)(6) Fed. R. Civ. P. if the plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility means that the plaintiff pled factual content which allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal citation omitted).

Pleadings that offer only "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "[f]actual allegations [that] raise a right to relief above the speculative level." *Id.* This requires the plaintiff to state facts sufficient to "nudge their claims across the line from conceivable to plausible." *Id.* at 570. Mere, "naked assertion… without some further factual enhancement stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 555 (internal citation omitted).

## V.  ARGUMENT

Plaintiff asserts one claim for relief alleging a violation of the FDCPA. As explained below, this Court lacks subject matter jurisdiction because the FDCPA does not apply, and Plaintiff's Complaint fails to state a claim for relief under the FDCPA.

### A.      Defendant's alleged actions do not qualify as collection of a "debt".

"The threshold requirement for application of the FDCPA is the existence of a 'debt' as that term is contemplated by the Act."  *Hamrick*, 278 F.Supp.2d at 1204 (D. Colo. 2003) (*citing Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994). The FDCPA defines "debt" as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes…." 15 U.S.C § 1692a(5).

The Stipulation that Plaintiff contends violates the FDCPA is not an attempt to collect a "debt" as defined by the FDCPA for the reasons below.

*First*, the Stipulation does not involve an obligation to pay money. It is a communication about the *time-period* in which Plaintiff had to move out, and an alleged misrepresentation about vacating a judgment for *possession* and dismissing the case. More specifically, it sets a date certain when the landlord could regain possession. In exchange for Plaintiff moving out by that date certain, the landlord agreed to vacate the judgment for possession and dismiss the casse.

Plaintiff's allegation that the Stipulation improperly misleads tenants into thinking they gain additional time to occupy their rental units when in fact they do not, does not involve an obligation to pay money. The Stipulation is clear that it only concerns possession of the property, and not unpaid rent or other money damages. (Dkt. #40-5). The Stipulation expressly states money

issues are not being resolved and that "all money issues are specifically reserved by both parties".

(Dkt. #40-5). The Advisement that Plaintiff acknowledged she read and understood [Dkt. #40-4 p. 2] likewise clearly states the Stipulation only concerns possession of the property:

> The Stipulation resolves the possession issue. The Stipulation does not resolve money or damage issues between you and your landlord. Thus, the Stipulation does not waive your right to your security deposit, or the landlord's right to money damages for any alleged breached of your lease.

(Dkt. #40-4 p. 1 ¶ 5).

Similarly, Plaintiff's allegations that Defendants falsely represented that by signing the Stipulation, the judgment for possession would be vacated and the case dismissed also do not involve an *obligation to pay money*. This allegation specifically relates only to judgment for *possession* of the property and not to any monetary damages or judgment.

Because the alleged wrongful communications are not in connection with an obligation to pay money, the FDCPA does not apply. To the extent Plaintiff claims she had unpaid rent payments, that is irrelevant because the wrongful communication that Plaintiff alleges as the basis for her claim is the Stipulation which does not seek to collect unpaid rent.  (Dkt. #40 ¶¶ 66-70). There is no language whatsoever in the Stipulation that seeks to collect money.

*Second*, the Stipulation arose out of an eviction proceeding and not out of any consumer transaction. *Hamrick*, *supra*, is on point. In that case, a tenant subject to an eviction action sued the landlord's attorney for violations of the FDCPA alleging a demand for attorneys' fees in the eviction complaint constituted an unlawful attempt to collect a "debt" under the Act. *Hamrick*, 278 F.Supp.2d at 1203. Judge John Kane found the prayer for attorneys' fees in the eviction complaint did not constitute a "debt" or a communication regarding a "debt" under the FDCPA. He then dismissed the case for lack of subject matter jurisdiction. *Id.* at 1205. In his analysis, Judge Kane

noted the plaintiff failed to show that a claim for attorney fees in an eviction action could constitute an alleged obligation to pay money "arising out of" a consumer transaction. *Id.* at 1203. Judge Kane concluded the FDCPA did not apply because the request for attorneys' fees arose out of the legal proceedings,

> Because the prayer for attorney fees at issue in this case, as well as any right of [the landlord] to collect those fees, would have arisen out of the legal proceedings in the action for unlawful detainer and not out of any consumer transaction with [the tenant], it does not constitute a "debt" or a communication regarding a "debt" and the FDCPA does not apply.

*Id.* at 1205.

Likewise, here, the Stipulation pertaining to the time period Plaintiff had to move out of her rental unit, and the dismissal of a judgment for possession of the property, arose out of the legal proceedings, and not out of a consumer transaction. Plaintiff's Amended Complaint does not attach any purported consumer transaction or cite to any language from such a transaction that would suggest the Stipulation somehow arose out of that transaction.

*Third and finally*, Defendant could not seek money damages in the eviction action against Plaintiff. While the eviction complaint sought both possession and money damages, the complaint was not personally served on Plaintiff, therefore, only possession, not money damages could be obtained. (Return of Service, Ex. D); C.R.S. § 13-40-112(2) and C.R.S. § 13-40-115(1). Numerous federal courts have held that eviction proceedings seeking only possession of the property are not subject to the FDCPA. *See, e.g. Calkins v. Shapiro & Anderson, L.L.P.,* No. 05–0815–PHX–ROS, 2005 WL 3434718, at *6 (D. Ariz. Dec. 13, 2005) (contact by a law firm after a foreclosure sale that was connected with removing the plaintiffs from the property was not the collection of debt within the meaning of the FDCPA); *Hidalgo v. Aurora Loan Services LLC,* No. 13–CV–1341–H

(JMA), 2013 WL 4647550, at *4 (S.D. Cal. Aug. 29, 2013) ("[A]n unlawful detainer action regarding holdover occupants after foreclosure does not qualify as the collection of a debt within the meaning of the FDCPA."); *Bonfiglio v. Citifinancial Servicing, LLC*, 2015 WL 5612194, at *5 (N.D. Ill. Sep. 23, 2015) (eviction sought to enforce possessory interest, not collect a debt and thus did not qualify as debt collection under the FDCPA); *Adams v. JP Morgan Chase*, 2016 WL 3087701 (E.D. Mich. June 2, 2016) (post foreclosure eviction proceeding was not subject to the FDCPA because monetary damages were not sought, but rather possession of the property); *Hustler v. Shapiro & Kreisman*, 2014 WL 2452977 at *6-7 (E.D. Mo. 2014) (unlawful detainer action seeking possession of property post foreclosure was not collecting a debt under the FDCPA); *Call v. Routh Crabtree Olsen, P.S.,* 2013 WL 3805651, at *5 (W.D. Wash. July 18, 2013) (dismissing an FDCPA claim based on actions taken by a law firm that instituted an unlawful detainer action to gain possession of the property and not to collect a debt).

**B.     Plaintiff is not a consumer under section 1692(a)(3).**

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." As discussed above, the Defendant's alleged actions do not qualify as a collection of a "debt" for purposes of the FDCPA. Because Defendant was not collecting a "debt" under the FDCPA, Plaintiff is likewise not a "consumer" under the FDCPA.

The Complaint alleges Plaintiff is a consumer under section 1692(a)(3) because "the alleged overdue rent were debts incurred for personal, family, or household purposes." (Dkt. #40 ¶ 65). Plaintiff, however, does not allege any wrongful conduct of Defendant in connection with the collection of overdue rent. To the contrary, Plaintiff's claim alleges Defendant's Stipulation improperly misleads tenants about the *time period* to move out and whether Defendant will vacate

a judgment for *possession* and dismiss the case without prejudice. (Dkt. #40 ¶¶ 13, 14, 16, 70). Collecting unpaid rent is not discussed in the Stipulation. Further, Defendant could not seek unpaid rent from Plaintiff because the eviction complaint was not served personally on Plaintiff.

**C.     The Complaint Does Not and Cannot Show Defendant violated the FDCPA**

**1.     Section 1692d**

Section 1692d provides that a debt collector may not engage in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Plaintiff alleges Defendant violated this section but provides no specific allegations supporting her conclusion. (Dkt. #40 ¶ 71). Plaintiff's allegation is merely an improper conclusory statement. As discussed, Plaintiff's claim is based on the Stipulation [Dkt. #40 ¶¶ 66-71] but nothing in the Stipulation involves the collection of a debt. Plaintiff further fails to allege any facts that show Defendants somehow used the Stipulation to "harass, oppress, or abuse" Plaintiff in connection with the collection of a debt. None of the words "harass, oppress, or abuse" appear in Plaintiff's Amended Complaint.

To the extent Plaintiff relies upon her allegations that the Stipulation is misleading about the time period Plaintiff had to move out and whether the judgment for possession would be vacated, these allegations do not support a violation of this subsection. Plaintiff does not plead any actionable misrepresentation. Plaintiff does not identify any alleged false statement of material fact made by Defendant to Plaintiff about when the Sherriff's eviction could take place, or that Defendant made the statement knowing it was false, or that Plaintiff relied upon any such statement. *Pacific Royalty Co. v. Williams*, 227 F.2d 49, 55 (10th Cir. 1955) (reciting elements of actionable fraud).

Plaintiff further does not plead any facts suggesting that at the time Plaintiff signed the Stipulation, Defendant intended not to vacate the judgment for possession or dismiss the case against her. "Fraud requires more than mere nonperformance of a promise or failure to do an agreed action at a future time; instead, it requires proof that person making the representation 'had the present intention not to fulfill the promise.'" C*obank, ACB v. Reorganized Farmers Co-op. Ass'n.*, 170 Fed.Appx. 559, 568 (10th Cir. 2006) *citing Nelson v. Gas Research Inst.*, 121 P.3d 340, 343 (Colo. App. 2005); *Trueforce Global Services, Inc. v. TruEffect, Inc.*, 2022 WL 1154527 *6 (D. Colo. 2022). The facts suggest otherwise because Defendant, in fact, vacated the judgment for possession and dismissed the case against Plaintiff. (*See* Mtn. to Dismiss, Ex. E).

### 2.      Section 1692(e)

Plaintiff alleges Defendant violated section 1692e, e(2)(A) and (B), e(3), e(5), and e(10). (Dkt. #40. ¶¶ 59, 6266, 71). These provisions provide,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (2)      The false representation of –
>       (A)      the character, amount, or legal status of any debt; or
>       (B)      any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (3)      The false representation or implication that any individual is an attorney or that any communication is from an attorney.
> …
> (5)      The threat to take any action that cannot legally be taken or that is not intended to be taken.
> …
> (10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

All of these provisions require a representation "in connection with the collection of any

debt". Plaintiff however fails to allege any representations in the Stipulation that are in connection with the collection of a debt.

Plaintiff alleges the Stipulation violated section 1692e, e(5), and e(10) because it was "deceptive". (Dkt. #40. ¶ 66). However, this allegation is a bare conclusion because Plaintiff fails to explain how any language in the Stipulation is "deceptive".  Further, as discussed above, Plaintiff does not plead any actionable misrepresentation because Plaintiff does not identify any false representation Defendant made to Plaintiff about the time period she had to move out, or allege Defendant had an intention not to honor its promise to vacate the judgment for possession.

Finally, Plaintiff pleads no facts supporting or explaining its conclusion that the Stipulation or Defendant violated subsections e(2)(A) and (B), and e(3). (Dkt. #40 ¶ 71).

### 3.      Section 1692f

Plaintiff alleges Defendant violation section 1692f, and f(1). (Dkt. #40 ¶ 67). This section provides,

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)      The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f.

Section 1692f also requires collection or an attempt to collect any debt. Plaintiff again fails to sufficiently allege the Stipulation involves any collection or attempt to collect any debt. Rather, Plaintiff simply parrots the statutory language by alleging Defendant violated section 1692f and f(1) because the Stipulation "was unfair and/or unconscionable for the purposes of the FDCPA…."

[Dkt. #40 ¶ 67] without alleging any facts as to how the Stipulation is allegedly unfair or unconscionable. Simply reciting the elements of a claim is insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Further, Plaintiff cannot allege the "amount" under section f(1) because there is no amount the Stipulation collects or attempts to collect.

      **4.**       **Section 1692k**

      Plaintiff alleges Defendant's noncompliance with the FDCPA was intentional "within the meaning of" section 1692k because Defendant allegedly knew the Stipulation was deceptive. (Dkt. #40 ¶ 70). Plaintiff again fails to support this conclusory allegation with any facts. As discussed above, Plaintiff does not, and cannot, allege the FDCPA applies to the Stipulation and fails to allege any plausible violation of the FDCPA. Plaintiff thus has not, and cannot, allege any plausible noncompliance with the FDCPA. Moreover, Plaintiff fails to identify any language in the Stipulation that is allegedly deceptive. Alleging the Stipulation is deceptive does not make it deceptive. Such a conclusory label is insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

## VI.    CONCLUSION

      Defendant respectfully requests the Court dismiss Plaintiff's Amended Complaint for lack subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 21st day of June, 2022.


_s/ Tamara A Seelman_
John M. Palmeri
Tamara A. Seelman
**GORDON REES SCULLY MANSUKHANI LLP**
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 534-5160
jpalmeri@grsm.com
tseelman@grsm.com

Lori Quinn
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: (212) 453-0758
ljquinn@grsm.com

*Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 21st day of June 2022, a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to counsel referenced below:

Steven L. Woodrow
WOODROW & PELUSO LLC
2900 East Mexico Avenue, Suite 300
Denver, CO 80210
*swoodrow@woodrowpeluso.com*

Jason Legg
CADIZ LAW, LLC
501 S. Cherry Street, Suite 1100
Denver, CO  80246
*jason@cadizlawfirm.com*

*Attorneys for Plaintiff*

*s/ Lisa Riggenbach*
For Gordon Rees Scully Mansukhani LLP