IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00271-CNS-NRN

SHAWNTE WARDEN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

TSCHETTER SULZER, P.C., a Colorado professional corporation,

    Defendant.

## ORDER

Before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 41). The Court DENIES the motion for the following reasons.

### I.  FACTS

This putative class action, under the Fair Debt Collections Practices Act (FDCPA) is against Defendant, a law firm representing Colorado landlords in evictions, regarding the use of false representations or deceptive means when collecting a debt. Specifically, Plaintiff alleges that Defendant uses a form Stipulation and Advisement that misleads and deceives ordinary consumer tenants facing eviction into believing that (1) executing the Stipulation will permit them to occupy their residence for a longer period of time rather than contesting eviction and (2) signing and complying with the Stipulation would result in any judgment being vacated and/or eviction action dismissed. (ECF No. 40, pp. 4, 14). Plaintiff alleges that Defendant routinely fails to vacate

1

judgments or dismiss eviction actions for tenants who comply with the terms of the Stipulation. On January 22, 2021, Defendant filed an eviction lawsuit and collection proceeding (unlawful detainer and money claim) against Plaintiff on behalf of the landlord for past due rent in the amount of $3,545.01 plus costs and attorneys' fees. (ECF No. 41-2).

On January 31, 2022, Defendant emailed Plaintiff with a Stipulation and Advisement. (ECF No. 40, pp. 9-10). The Advisement, in part, states:

> Our authority to resolve or settle your eviction case is limited to the authority given to us by your landlord. Your landlord has authorized us to sign an agreement (a Stipulation) with you to resolve your eviction.
> . . .
> In short, you have 10-Days to either work it out with your landlord or move-out. If you are being evicted for rent, working it out almost always means paying the rent and other sums you owe or arriving at an agreement with the landlord to pay these amounts. Please note the following about resolving past due rent amounts. At this point in the legal process, the landlord does not have to accept the rent even if you offer the full amount due. However, if it is about the rent and nothing else, nearly all landlords will accept amounts due from you if you offer to pay in certified funds the full amount due. Landlords would much rather have a paying tenant than an empty property.
> . . .
> If you can't resolve the rent owed with the landlord and you can't move-out within the 10-days we are authorized to offer you, you are always free to try to negotiate with the landlord for more time to move-out. Landlords would prefer for you to voluntarily vacate the property than have to have the Sheriff come to the property and set you out. Accordingly, landlords might consider giving you extra time to move-out beyond the 10-Days we are authorized to put in the Stipulation. This might be extra days. Most landlords are not going to give you extra weeks or months to move-out. Some landlords will not give extra time. You will only know if you ask.
> . . .
> Finally, remember by moving-out prior to the agreed upon move-out date in the Stipulation triggers our obligation to vacate any possession judgment and dismiss your case. Thus, by signing and complying with a Stipulation, you are guaranteed not to have an eviction judgment (judgment for possession) on record with the Court.

(ECF No. 40-4). Similarly, the Stipulation noted that "[i]f Defendant(s) surrender[ed] possession of the premises and return[ed] all keys to Plaintiff (Landlord) before the date above [February 11,

2021], Plaintiff will move the Court to vacate the judgment for possession and Dismiss this action without prejudice." (ECF No. 50).

Plaintiff alleges that the terms of the Stipulation and Advisement were used to leverage payment of both unpaid rent and additional amounts, mislead her into believing she could stay within her rental residence for additional time, and that the money claim against her would be dismissed upon vacating the unit. (ECF No. 40, pp. 5, 10). Plaintiff alleges one cause of action, violation of the FDCPA, 15 U.S.C. § 1692, on behalf of the class against Defendant. (*Id.*, p. 13). The class is defined as:

> All present and former Tenants: (1) of residential rental properties located in Colorado, (2) whose landlords or property managers engaged Tschetter to facilitate allegedly overdue rent collection through the initiation of eviction collection lawsuits, (3) where Tschetter presented a consumer tenant with its form Stipulation.

(*Id.*, p. 12).

Defendant moves to dismiss in the First Amended Complaint, arguing (1) the Court lacks subject matter jurisdiction as the FDCPA does not apply and (2) Plaintiff fails to state a claim for relief under the FDCPA. (ECF No. 41).

## II.  LEGAL STANDARD

Rule 12(b)(1) governs dismissal challenges for lack of subject matter jurisdiction and assumes two forms: factual or facial. In the first, the moving party may "facially attack the complaint's allegations as to the existence of subject matter jurisdiction." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). When reviewing a facial attack, courts must accept a complaint's allegations in the complaint as true. *Ratheal v. United States*, No. 20-4099, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021) (citation omitted). In the second, a party may "go beyond" the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter jurisdiction rests." *Nudell*, 363 F.3d at 1074 (citation omitted). When

3

reviewing a factual attack, courts cannot "presume the truthfulness of the complaint's factual allegations," and may consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment. *Ratheal*, 2021 WL 3619902, at *3. In this instance, the plaintiff bears the burden of establishing subject matter jurisdiction as the party asserting it exists. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III.  ANALYSIS

The Fair Debt Collection Practices Act prohibits debt collectors from, among other things, making false or misleading representations to a consumer. *See Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). In particular, a debt collector may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (citation omitted). To establish a FDCPA violation, Plaintiff must show that (1) she is a "consumer" under 15 U.S.C. § 1692a(3); (2) the debt is an obligation or alleged obligation under 15 U.S.C. § 1692a(6); (3) Defendant is a "debt collector" under 15 U.S.C. § 1692a(6); and (4) "Defendant, through its acts or omissions, violated a provision of the FDCPA." *Deporter v. Credit Bureau of Carbon Cnty.*, No. 14-CV-00882-KMT, 2015 WL 1932336, at *3 (D. Colo. Apr. 28, 2015).

#### A.  Federal Rule of Civil Procedure 12(b)(1)

Defendant facially attacks Plaintiff's claims on two fronts by asserting: (1) its actions do not qualify as a collection of a debt and (2) Plaintiff is not a consumer under § 1692(a)(3). (ECF No. 41, pp. 8-12). Viewing Plaintiff's allegations as true, this Court finds that the First Amended Complaint alleges violations of the FDCPA and that this Court has subject matter jurisdiction. The FDCPA defines a debt collector as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  In turn, a debt is defined as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Defendant advertises itself as a landlord advocacy firm. (ECF Nos. 40, p. 3; 40-1). The FDCPA applies to attorneys if they are lawyers who "regularly engage in consumer-debt-collection activity," on behalf of a creditor client, "even when that activity consists of litigation." *Heintz*, 514 U.S. at 299. Defendant argues that the Stipulation does not involve an obligation to pay money but is merely a communication regarding the possession of the property. (ECF No. 41, pp. 8-9). The Advisement belies that argument and clearly states "you have 10-Days to either work it out with your landlord or move-out . . . working it out almost always means paying." (ECF No. 40-4, p. 1).

Defendant relies primarily upon *Cook v. Hamrick*, 278 F. Supp. 2d 1202 (D. Colo. 2003) to support its argument that the language of the stipulation does not constitute a consumer transaction under the FDCPA. This argument is unavailing. The facts in *Cook* pertained to the eviction of a tenant due to noise disturbances in violation of the lease. *Id*. at 1203. The tenant then sued the landlord's attorney under the FDCPA because the state court complaint included a demand for an award for attorney fees. *Id*. Thus, the Court determined that the request for attorney's fees after the state court action had been voluntarily dismissed by the landlord did not render the attorney a "debt collector under the FDCPA and that the Court did not have subject matter jurisdiction. *Id*. at 1205. *Cook* is not applicable to the facts in the instant case.[1] Rather, the Tenth Circuit has adopted the Second Circuit's five-factor test to determine whether an attorney or firm regularly engages in debt collection to qualify as a debt collector under the Act. The Court must examine:

---

[1] Defendant asserts that *Cook* supports a reading that a lease between a landlord and tenant is not a consumer transaction under the FDCPA. However, the Court, in *Cook*, only remarked that the plaintiff asserted no law or facts to establish her argument. 278 F. Supp. at 1202. The analysis focused on a demand for attorney fees in a formal complaint against a tenant in an eviction action under the lease rather than for back rent.

> (1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s), (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernible, (3) whether the entity has personnel specifically assigned to work on debt collection activity, (4) whether the entity has systems or contractors in place to facilitate such activity, and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations.

*James v. Wadas*, 724 F.3d 1312, 1317–18 (10th Cir. 2013) (quoting *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62 (2d Cir. 2004)). At the pre-discovery pleading stage, the Court finds that Plaintiff establishes that Defendant is a debt collector.

Defendant next argues that Plaintiff is not a consumer. Under the FDCPA, a consumer is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C.A. § 1692a(3). Defendant cites no caselaw to support its argument and again reasserts that it was not collecting a debt under the FDCPA. For the same reasons above, the Court finds that, at this time, Plaintiff establishes that she is a consumer under the Act. Accordingly, this Court finds that it does have subject matter jurisdiction in this case.

### B. Federal Rule of Civil Procedure 12(b)(6)

Defendant argues that Plaintiff fails to state a claim that it violated 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692k because she fails to sufficiently allege any collection of a debt or identify any deceptive or abusive language. (ECF No. 41, pp. 12-15). The Tenth Circuit reviews FDCPA claims under the objective "reasonable consumer" standard. *See Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1072 (10th Cir. 2022) (adopting the reasonable consumer standard for §1692e claims as applied in false advertising cases under the Federal Trade Commission Act rather than the least sophisticated consumer standard).

7

Section 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Using the reasonable consumer standard,

> the first question is whether the representation is misleading. In viewing representations from the perspective of the reasonable consumer, we assume the reasonable consumer would read a communication in its entirety and make sense of a communication by assessing it as a whole and in its context. The inquiry is whether the reasonable consumer could reasonably interpret the representation to have multiple meanings, one of which is untrue. If a reasonable consumer would come to only one interpretation, which is accurate, then the representation is not misleading. On the other hand, if a reasonable consumer could understand a representation as misleading, materiality is then assessed by asking whether the reasonable consumer would have his ability to intelligently respond frustrated.

*Tavernaro*, 43 F.4th at 1072. Plaintiff alleges in her First Amended Complaint that Defendant's form Stipulation was in violation of § 1692e(5) and (10) because it threatened to take an action that it could not legally take or that was not intended to be taken and used false representation or deceptive means to collect a debt.

Defendant, citing no case law, argues that this is a basic recitation of the elements, and that Plaintiff fails to allege how the Stipulation was deceptive. The Court finds this argument unavailing and, applying the reasonable consumer standard, finds that Plaintiff has sufficiently alleged facts that she interpreted the representations in the Stipulation and Advisement to mean that she could stay within her rental residence for additional time and that any money claims against her would be dismissed upon vacating the unit. Plaintiff alleges that the Stipulation and Advisement led her to believe that if she vacated the property by February 11, 2021, Defendant would vacate the judgment for possession and dismiss the eviction collection lawsuit without prejudice. (ECF No. 40, p. 10). Plaintiff complied with the terms of the Stipulation and vacated the property on February 4, 2021. (*Id*.). Defendant, however, did not move to vacate the judgment and dismiss the case without prejudice until February 10, 2022. (ECF No. 41-5). Accordingly, dismissal for failure to state a claim is inappropriate.

Defendant argues to dismiss the remaining claims because Plaintiff fails to provide sufficient factual allegations. Under § 1692d a debt collector cannot "harass, oppress, or abuse any person in connection with the collection of a debt." A debt collector violates § 1692f if it uses "unfair or unconscionable means to collect or attempt to collect any debt." Finally, Defendant argues that Plaintiff fails to state a claim that its alleged noncompliance with the FDCPA was intentional. Under § 1692k(c):

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

As previously noted, this Court finds that Plaintiff has sufficiently alleged facts supporting her claims that Defendant used deceptive communications in order to attempt to collect a debt and that such actions were intentional. The Court finds that Plaintiff has sufficiently alleged with particularity that Defendant engaged in deceptive debt collection practices and, therefore, establishes a FDCPA claim that survives Rule 12(b)(6) scrutiny.

### IV.  CONCLUSION

Accordingly, Defendant's Motion to Dismiss is Denied.  (ECF No. 41).

DATED this 5th day of December 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge