IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00271-CNS-NRN

SHAWNTE WARDEN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

TSCHETTER SULZER, P.C., a Colorado professional corporation,

    Defendant.

## ORDER

Before the Court is Defendant's Motion for Reconsideration, or Alternatively to Certify an Interlocutory Appeal and Stay Pending Appeal (ECF No. 52). The Court DENIES the motion for the following reasons.

### I. BACKGROUND

This civil action pertains to a putative class action under the Fair Debt Collections Practices Act (FDCPA). The background facts and procedural history in this case have been set forth in the previous Order and are incorporated herein (*see* ECF No. 51). This Court previously denied Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) (*id.*).

Defendant now seeks reconsideration of the Court's Order, arguing that there has been an intervening change in controlling law affecting the Court's subject matter jurisdiction, that the Court erred by analyzing issues not briefed, and that the Court erred by misstating Defendant's

1

arguments (ECF Nos. 52, 59). Alternatively, Defendant requests that the Court, pursuant to 28 U.S.C. § 1292(b), certify the issue of whether the Stipulation sent to Plaintiff during the residential eviction proceeding was made in connection with the collection of a debt under the FDCPA (*id*.).

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). Relief under Rule 60(b), however, is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations omitted). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). A motion for reconsideration is appropriate when there is (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Defendant's motion for reconsideration falls under the first category.

Under 28 U.S.C. § 1292(b), four criteria must be satisfied before a district court may certify an issue for interlocutory appeal: (1) the action must be a civil action; (2) the district court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation. A district court has discretion in determining whether to certify an order for interlocutory appeal. *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006). Interlocutory appeals, however, are traditionally disfavored. *See Gelder v. Coxcom Inc.*, 696 F.3d 966, 969 (10th Cir. 2012); *see*

*also Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) ("Such appeals are necessarily disruptive, time-consuming, and expensive for the parties and the courts.") (internal quotations and citations).

A district court will only certify an issue for interlocutory appeal under § 1292(b) in exceptional circumstances. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases.") (internal quotations and citation omitted). "Unless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (internal quotations omitted). The standard "implies that the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *In re Grand Jury Proc. June 1991*, 767 F. Supp. 222, 226 (D. Colo. 1991); *see also Wells Fargo Bank, N.A. v. Mesh Suture Inc.*, No. 19-CV-03218-PAB-GPG, 2020 WL 5833839, at *1 (D. Colo. Mar. 3, 2020).

### III.  ANALYSIS

#### A.  Motion for Reconsideration

Defendant originally moved to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) (ECF No. 41). Defendant argues that reconsideration is necessary to address the intervening change in controlling law after the Tenth Circuit decided *Shields v. Pro. Bureau of Collections of Maryland*, Inc., 55 F.4th 823, 826 (10th Cir. 2022). In *Shields*, the Tenth Circuit held that the appellant lacked standing to sue under the FDCPA because

the collection letters she received did not cause her to do anything and, therefore, she did not plead "any concrete tangible or intangible harms." 55 F.4th at 830.  Unlike *Shields*, the Court finds that Plaintiff did plead in her Amended Complaint that she relied upon the representations within the Stipulation and Advisement to vacate her premises early and with the expectation that any judgment would be vacated and any money claim against Plaintiff would be dismissed (*see e.g.,* ECF No. 40, pp. 6-7).  The instant case is distinguishable from *Shields* and it is not an intervening change in controlling law.  *See also Bassett v. Credit Bureau Servs., Inc.*, 60 F.4th 1132 (8th Cir. 2023) (finding that mere receipt of a letter without any further allegations of a concrete injury in fact does not confer Article III standing).  The Court finds that Plaintiff has alleged reliance to her detriment upon the Stipulation and Advisement that was sent by Defendant and therefore has suffered a concrete injury in fact that results in an alleged statutory violation and, therefore, has Article III standing.  Accordingly, the Amended Complaint will not be dismissed for lack of subject matter jurisdiction.

Defendant's remaining arguments are also unavailing.  Defendant argues that the Court erred by determining the issue of whether Defendant was a debt collector because this issue was not raised or briefed (ECF No. 59 at 5-6).  As the Court noted in its prior Order, to establish a FDCPA violation, Plaintiff must show that (1) she is a "consumer" under 15 U.S.C. § 1692a(3); (2) the debt is an obligation or alleged obligation under 15 U.S.C. § 1692a(6); (3) Defendant is a "debt collector" under 15 U.S.C. § 1692a(6); and (4) "Defendant, through its acts or omissions, violated a provision of the FDCPA."  *Deporter v. Credit Bureau of Carbon Cnty.*, No. 14-CV-00882-KMT, 2015 WL 1932336, at *3 (D. Colo. Apr. 28, 2015).

The FDCPA applies only to "debt collectors." *See Makowski v. First Nat. of Nebraska, Inc.*, No. 12-CV-02280-CMA-MEH, 2013 WL 754922, at *6 (D. Colo. Feb. 6, 2013) (citation omitted). Furthermore, the Court's function when analyzing a Rule 12(b)(6) motion is to determine whether the Plaintiff has stated a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Ergo, the Court needed to analyze whether Plaintiff had sufficiently pleaded that Defendant was a debt collector to determine if Plaintiff had alleged a violation of the FDCPA.[1]

Next, Defendant argues that the Court erred by misstating its argument and "made no argument as to whether the lease between a landlord and tenant is a consumer transaction under the FDCPA" (ECF No. 52 at 3). Defendant specifically stated in its reply that "[t]he right of Plaintiff's landlord to offer and enter into the Stipulation allowing Plaintiff ten days to move out and agreeing to vacate the judgment for possession arose out of the eviction lawsuit, not a consumer transaction" and that "*Cook* is exactly on point because the alleged deceptive communications at issue in the Stipulation do not involve past due rent" (ECF No. 43 at 7).

Defendant ignores the underlying facts of the case when arguing that the holding of *Cook* only pertains to whether a communication arises out of legal proceedings. The Court in its Order distinguished *Cook v. Hamrick*, 278 F. Supp. 2d 1202 (D. Colo. 2003), from the applicable facts of this case because the tenant was being evicted due to noise disturbances in violation of the lease and not for failure to pay rent. In *Cook*, Judge Kane held that a demand for attorneys' fees in a landlord's eviction complaint in Colorado state court was not a communication regarding a debt

---

[1] The Court also notes that Defendant wrote in its reply as its first argument: "DEFENDANT'S ALLEGED ACTIONS DO NOT QUALIFY AS COLLECTION OF A 'DEBT'" (ECF No. 43 at 2).

for purposes of the FDCPA, and, therefore, the attorney was not a debt collector under the statute. Judge Kane noted that the prayer for attorney fees arose out of the legal proceedings and not because of a consumer transaction, and therefore did not constitute a debt or a communication regarding a debt under the FDCPA. *Cook*, 278 F. Supp. 2d at 1205.

Here, the legal action arose due to Plaintiff's failure to pay rent, (i.e., the obligation to pay was created by a consumer transaction, which resulted in the eviction proceedings). *Cook*, 278 F. Supp. 2d 1202, 1205 (D. Colo. 2003) ("When an obligation to pay is created by something other than a consumer transaction, the obligation is not a 'debt' as defined by the FDCPA."). As the Court noted in its prior Order, "[t]he analysis [in *Cook*] focused on a demand for attorney fees in a formal complaint against a tenant in an eviction action under the lease rather than for back rent" (ECF No. 51 at 6). Judge Kane, in *Cook*, never reached Defendant's ever-changing conclusion: (1) "But *Cook* is exactly on point because the alleged deceptive communications at issue in the Stipulation do not involve past due rent" (ECF No. 43 at 7) or (2) "the Stipulation arose out of the legal proceedings and therefore, under *Cook v. Hamrick*, *infra*., does not involve a 'debt' under the FDCPA)" (ECF No. 52 at 3).

What matters under *Cook* is whether the obligation to pay was created by a consumer transaction and therefore is a debt under the FDCPA. The Plaintiff's obligation to pay in *Cook* arose out of legal proceedings because she was evicted for reasons other than back rent, which was not a consumer transaction. Furthermore, Defendant overlooks the fact that Judge Kane noted that "[t]he FDCPA applies to lawyers only if they are lawyers regularly engaged in consumer debt-collection litigation on behalf of creditor clients." *Cook*, 278 F. Supp. 2d at 1205.

6

The Defendants cannot skirt the fact that they were retained by a landlord to resolve Plaintiff's eviction due to failure to pay back rent (ECF No. 40).  *See Romea v. Heiberger & Assocs.*, 163 F.3d 111, 115 (2d Cir. 1998) ("Back rent by its nature is an obligation that arises only from the tenant's failure to pay the amounts due under the contractual lease transaction . . . For the same reasons that those courts deemed dishonored checks to be debts under the FDCPA, we conclude that back rent is a debt."); *see also Lipscomb v. The Raddatz L. Firm, P.L.L.C.*, 109 F. Supp. 3d 251, 258 (D.D.C. 2015) ("It seems clear that Defendants filed the eviction complaints against the named Plaintiffs, at least in part, to obtain payments on their debts.).  *Cook* is not applicable to the facts of this case.[2]

Finally, Defendant argues that the Court erred by not analyzing the language of the Stipulation and only focused on the language of the Advisement.  However, as Defendant concedes in its own motion to dismiss:  (1) "The Stipulation provides in pertinent part that . . . if Plaintiff surrenders possession before February 11, the landlord will vacate the judgment for possession and dismiss the case without prejudice"; (2) "Defendant filed Plaintiff's Stipulation with the Denver County Court on February 3, 2021"; and (3) "On February 10, 2022, Defendant filed a motion to vacate the judgment for possession and dismiss the action without prejudice" (ECF No. 41 at 6).

Plaintiff alleges in the Amended Complaint that both the Advisement and Stipulation violate the FDCPA because they mislead the tenant into signing the Stipulation and vacating the premises early "thereby giv[ing] up any leverage they may have had to negotiate more favorable

---

[2] To the extent that *Cook* was on point with the facts in this case, the Court still finds that these other cases are more persuasive.

terms for themselves with respect to possession and/or discounts or reductions to any balances supposedly due on their account, that Tschetter will cause the judgment of possession to be vacated" (ECF No. 40 at 4-5). The Court notes that Defendant moved to vacate the judgment of possession after Plaintiff filed this civil action and that Plaintiff alleged that she had a rental application denied because Defendant had not acted in accordance with the Stipulation. The Court properly analyzed the Stipulation when ruling on Defendant's motion to dismiss. Accordingly, Defendant's motion for reconsideration is DENIED.

### B. Motion to Certify Issue for Interlocutory Appeal

Next, Defendant moves the Court to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b) (ECF No. 52 at 5). Defendant argues that the Order presents a controlling question of law:

> Whether a stipulation solely limited to the issue of possession in a residential eviction proceeding is made in connection with the collection of a "debt" under the FDCPA?

(*Id.*).

Defendant's question does not establish that an interlocutory appeal is appropriate. "The critical requirement is that the question be one having the potential for substantially accelerating disposition of the litigation" and if "the correct answer to the question will end the matter pending, the question is controlling." *In re Grand Jury Proc. June 1991*, 767 F. Supp. at 225. As Plaintiff notes, the issue of whether the Stipulation was solely limited to the issue of possession is in dispute, and this Court agrees (ECF No. 54 at 9-10). Furthermore, certifying the issue would not materially advance the termination of the litigation but rather protract the delay in this case, especially when discovery has not even occurred. Ultimately, the Court concludes that this is not the exceedingly

rare case where Defendant cannot resolve the claims before seeking appellate review. Ultimately, the Court determined that Plaintiff's Amended Complaint survived Rule 12 scrutiny and deserved to proceed to discovery. The Court, in its discretion, DENIES Defendant's motion to certify for interlocutory appeal.

## IV.  CONCLUSION

Accordingly, Defendant's motion for reconsideration or to certify an interlocutory appeal is DENIED (ECF No. 52).

DATED this 15th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge