# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-0271-CNS-NRN

**SHAWNTE WARDEN**, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

**TSCHETTER SULZER, P.C.**, a Colorado professional corporation,

        Defendant.

## ORDER GRANTING PRELMINARY APPROVAL
## TO CLASS ACTION SETTLEMENT

WHEREAS, a class action is pending before the Court styled *Shawnte Warden v. Tschetter Sulzer, P.C.*, Case No. 1:22-cv-00271-CNS-NRN; and

WHEREAS, Plaintiff Shawnte Warden ("Plaintiff" or "Warden") and Defendant Tschetter Sulzer, P.C. ("Defendant" or "Tschetter") have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Tschetter for the claims of the Settlement Class upon the terms and conditions as set forth in the Settlement Agreement, and

WHEREAS, the Court has read and considered the Settlement Agreement and exhibits attached thereto, and this matter having come before the Court upon the agreement of the Parties, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Parties' Settlement Agreement.

2. The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Tschetter, and the Court having read and considered the Settlement Agreement and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 17 of this Order.

1

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action, including all members of the Class ("Settlement Class Members") as defined as:

> All Tenants who signed the Stipulation between January 31, 2021, and February 28, 2022, and for whom any Judgment of Possession has not yet been vacated.

(Settlement Agrmt. at § II.27.)

4. The Court certifies the Class for settlement purposes finding that the Class meets the requirements for certification under Federal Rule of Civil Procedure 23. The Court further appoints Warden as Settlement Class Representative and Steven Woodrow and Jason Legg as Settlement Class Counsel.

5. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members as to their claims against Tschetter. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action against Tschetter and provides beneficial relief to the Class.

6. The Court also finds that the Settlement Agreement (a) is the result of arms' length negotiations involving experienced class action attorneys and overseen by an experience third-party mediator; (b) is sufficient to warrant notice of the settlement to the class and the scheduling of a Final Approval hearing; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by Tschetter.

**Notice and Administration**

7. Pursuant to the Settlement Agreement, Tschetter shall be in charge of disseminating the Class Notice as set forth in the settlement and for issuing settlement checks to all Settlement Class Members who do properly seek to exclude themselves.

8. The Court finds that the Notice Plan and the form of Notice to the Class as set forth in the Settlement Agreement and the Exhibit thereto is also approved as its form, method, and content, complies with the requirements of Federal Rule of Civil Procedure 23 and due process, and constitutes the best notice practicable under the circumstances. The Court further finds that the Notice is reasonably calculated to, under all circumstances, apprise the members of the Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement and to exclude themselves from the Class. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

9. Tschetter shall implement the Notice Plan as set forth in the Settlement Agreement.

**Exclusion**

10. Settlement Class Members who wish to exclude themselves from the Class for purposes of this Settlement may do so by complying with the exclusion procedures set forth below. Any member of the Class who timely requests exclusion consistent with those procedures shall not be bound by the terms of the Settlement Agreement.

11. To request exclusion ("Opt-Out"), the Settlement Class Member must complete, sign, and mail to counsel for either Party an Opt-Out request. To be valid and treated as a Successful Opt-Out, it must include: (a) the requester's full name, address, and name of the Action (*i.e. Warden v. Tschetter*) and telephone number; (b) the requester's personal and original signature, or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the requester with respect to a claim or right such as those in the Action; and (c) state unequivocally that the requester desires to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement. Each Party's counsel shall promptly inform the other of any Opt-Out requests it receives.

12. The deadline to Opt-Out is 75 days from the date of this Order.

13. Class Members who Opt-Out of the Settlement Agreement shall not (i) be bound by any orders of the Final Approval Order; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. However, Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

**Objections**

14. Any Settlement Class Member may comment in support of, or in opposition to, the Settlement at his, her, or their own expense; provided however, that all comments and/or objections must be in writing and mailed or hand-delivered to the Clerk of the Court, Class Counsel, and Tschetter's attorneys and postmarked or delivered by no later than the Objection Deadline. Objections may be filed by counsel for a Settlement Class Member though any such counsel must file an appearance in the Action.

15. Each objection must: (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth the complete legal and factual bases for the objection, including citations to relevant authorizes; (v) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; and (vi) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing.

16.     The Objection Deadline shall be 75 days from the date of this Order . All objections must be mailed or hand-delivered to the Court before the Objection Deadline. An objector is not required to attend the Final Approval Hearing. However, any Settlement Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at his or her own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the underlying settlement. A Settlement Class Member or his or her attorney who wishes to speak at the Fairness Hearing must so state in his or her written objection or submit a separate notice of intention to appear to the Clerk of the Court no later than the Objection Deadline. No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have raised in a written objection but failed to do so.

**Final Approval Hearing**

17.     The Final Approval Hearing shall be held approximately 90 days after the date of this Order before this Court on **April 12, 2024 at 8:30 a.m.** at the United States District Court for the District of Colorado, Alfred A. Arraj Courthouse, 901 19th St, Denver, CO 80294, Courtroom A702 to determine whether the proposed Settlement Agreement with Tschetter is fair, reasonable and adequate and should be given final approval by the Court. The Court may adjourn the Final Approval Hearing or conduct it by telephone or Zoom (or similar technology) without further notice to Class Members.

**Further Matters**

18.     To protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Approval Order and Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all Settlement Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address any parties' or Settlement Class Members' rights or claims relating to, or arising out of, any of the Released Claims as set forth in the Settlement Agreement.

19.     Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

20.     In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement, then (i) the Settlement Agreement shall be null and void, and shall have no further force and effect with respect to any Party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, and statements made in connection therewith shall be without prejudice to any person or Party hereto, for such hearing shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any Party and shall not be used in

the Action or any other proceeding for any purpose; and (iv) any Party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving Parties (or their counsel) shall oppose any such motion.

21.   Class Counsel shall move for an award of reasonable attorneys' fees to be paid as set forth in the Settlement Agreement at least 14 days prior to the Objection Deadline.

22.   No later than fourteen (14) days prior to the Objection Deadline, Class Counsel shall move for Final Approval of the Settlement Agreement and respond to any objections no later than seven (7) days prior to the Final Approval Hearing.

IT IS SO ORDERED.

Dated this 15th day of December 2023

BY THE COURT

_____
Charlotte N. Sweeney
United States District Judge

5