IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-0271-CNS-NRN

**SHAWNTE WARDEN**, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

**TSCHETTER SULZER, P.C.**, a Colorado professional corporation,

        Defendant.

## [PROPOSED] ORDER GRANTING FINAL APPROVAL AND JUDGMENT TO CLASS ACTION SETTLEMENT

        Pending before the Court is Class Representative Warden's Motion for Final Approval of Class Action Settlement. The Court, having reviewed the papers filed in support of the Motion, having heard argument of counsel, and finding good cause appearing therein, hereby GRANTS Warden's Motion, and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

    1.    Terms and phrases in this Order shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement[1] (the "Settlement Agreement").

    2.    This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

    3.    On January 11, 2024, this Court granted Warden's Motion for Class Certification and entered an Amended Order Granting Preliminary Approval to Class Action Settlement certifying the following Settlement Class solely for the purposes of Settlement:

---

[1] Unless otherwise noted herein, capitalized terms have the same meaning as defined in the Class Action Settlement Agreement.

>   All Tenants who signed the Stipulation between January 31, 2021, and February 28, 2022, and for whom any Judgment of Possession has not yet been vacated.

(Dkt. 80 ¶ 3) (Settlement Agrmt. at § II.27.)

    4.    The Settlement allows for the exclusion from the Settlement Class those persons who submitted valid and timely requests for exclusion pursuant to the Amended Preliminary Approval Order and the Notice to the Settlement Class. No requests for exclusion have been filed or received.

    5.    The Court finds that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement, which consists of a traditional "long form" notice sent via first-class U.S. Mail and email, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Settlement Agreement, the Court's Amended Order granting preliminary approval, the Federal Rules of Civil Procedure, the Due Process Clause, and the Rules of the Court.

    6.    This Court now affirms certification of the Settlement Class, gives final approval to the parties' Settlement, and finds that the settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court also finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the types of claims and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of

alternatively pursuing trial on the merits. The complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arms' length negotiations between the Parties, including negotiations presided over by the Honorable Ann B. Frick, a well-respected mediator, support this finding.

7. The Court finds that both the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and for entering into and implementing the Settlement Agreement.

8. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to implement and execute the Settlement Agreement according to its terms and provisions.

9. Subject to the terms and conditions of the Settlement Agreement, the Court hereby dismisses the Action on the merits and with prejudice and orders that this Final Approval Order and Judgment shall constitute a final judgment that is binding on the parties and the Settlement Class.

10. As of the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, fully, finally, and forever released, resolved, relinquished and discharged each and all of the Released Parties from each of the Released Claims and Unknown Claims (as defined in the Settlement). The Releasing Parties further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims and Unknown Claims. The release does not apply to Persons who fall

within the definition of the Settlement Class who timely opt-out of the Settlement in accordance with the terms of this Agreement, though no opt-outs have been received. The release also does not prevent Settlement Class Members from addressing, dealing with, or otherwise complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement Agreement.

11. The Court approves the award of reasonable attorneys' fees and expenses as requested and hereby awards to Settlement Class Counsel $150,000 in attorneys' fees and costs. The Court finds that the fees are reasonable and constitute a reduction of Settlement Class Counsels' lodestar.  In assessing the Fee Award, the Court has considered, among other factors, the results achieved in this litigation, the risks of litigation, the skill required of Settlement Class Counsel and the quality of their work, the contingent nature of the fee and the financial burden carried, awards made in similar cases.

12. The Court also approves the agreed Incentive Award of $10,000.00 to Class Representative Shawnte Warden as an Incentive Award for her role as Settlement Class Representative. The Court finds this Incentive Award to be reasonable in light of the Settlement Class Representative's willingness and efforts with respect to taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

13. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

14. This Court hereby directs entry of this Final Approval Order and Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final

Approval Order and Judgment, notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

15. Neither this Final Approval Order and Judgment and dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, nor any act, statement, document, or proceeding relating to the Settlement:

(a) is, may be deemed, or shall be used, offered, or received against Tschetter as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by Warden, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties;

(b) is, may be deemed, or shall be used, offered, or received against Warden or the Settlement Class as an admission, concession, or evidence of the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Tschetter, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(c) is, may be deemed, or shall be construed against Warden and the Settlement Class or against Tschetter as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial;

(d) is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Warden and the Settlement Class or against Tschetter that any of Warden's claims are with or without merit and that damages recoverable in the Action would have exceeded or would have been less than any particular amount; or

(e) is, may be deemed, or shall be used, offered, or received against Tschetter as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as

against any Parties to the Agreement in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

16. The Court hereby appoints Jewish Family Services as the *cy pres* recipient for uncashed checks as set forth in the Settlement Agreement.

17. The Parties, without further approval from the Court, are hereby permitted to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and Judgment and do not limit the rights of Settlement Class Members.

18. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose.

IT IS SO ORDERED.

Dated this _____ day of April, 2024

_____
DISTRICT COURT JUDGE